# HOMER TUCKER v. STATE.

No. A-5314.   Opinion Filed March 6, 1926.
(243 Pac. 998.)

E. H. Bond, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Stephens county on a charge of having the unlawful possession of intoxicating liquor and sentenced to confinement in the county jail for a period of 30 days, and to pay a fine of $100.

Two assignments of error are argued in defendant's brief.   First.   The insufficiency of the evidence.   Second.   Improper comments of the county attorney in his closing argument.   Considering the first assignment, J. A. Jennings, a police officer, testified that he saw the defendant conceal some whisky in an alley at the rear of his house and after the defendant left he went to the place and found buried a gallon and a half of whisky.   That he later talked to the defendant, who stated to him in substance that he was in this business

because physically unable to work. The defendant denied placing the whisky in the alley, or that he had any connection with it, and denied the conversation testified to. He offered some evidence tending to prove an alibi. The evidence was squarely conflicting. It has been many times held by this court that the credibility of the witnesses and the weight to be given their evidence are matters within the province of the jury, and where the evidence is sufficient, although conflicting, this court cannot substitute its judgment for that of the jury and reverse the case for insufficiency. The reason for this rule is obvious; the jury sees the witness on the stand, observes his demeanor, candor, and frankness or the lack thereof, and is in a better position to determine the truth of his testimony than an appellate court could possibly be.

Upon the second assignment, complaint is made that in the closing argument Mr. Long, assistant county attorney, said:

"If I did not believe this man was guilty, do you think I would be here asking you to convict him? I would have come to the court and dismissed the case, that is what Mr. Sullivan and I would do."

In the recital in the case-made immediately following this language, it is said that Mr. Long stated that this was simply his opinion in the case based on the evidence.

In argument, the prosecuting attorney should confine his remarks to a fair discussion of the issues and should not go out of the record. But he has the right to discuss to the jury his deductions from the evidence, and to urge the truth or falsity and the convincing character of the testimony. To warrant a reversal on account of the argument of the prosecuting attorney, it must be grossly improper upon some material point

which might injuriously affect the defendant's rights. Williams v. State, 4 Okla. Cr. 524, 114 P. 1115; Morgan v. State, 9 Okla. Cr. 22, 130 P. 552; Coker v. State, 18 Okla. Cr. 388, 223 P. 711; Beason v. State, 18 Okla. Cr. 388, 195 P. 792; Spann v. State, 19 Okla. Cr. 9, 197 P. 531.

The argument complained of is not of such prejudicial character as to have caused the jury to lose sight of the evidence and the law. The verdict does not reflect any passion or prejudice on the part of the jury.

Finding no error to warrant a reversal, the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.