## CLYDE COLLINS v. STATE.

No. A-6189.   Opinion Filed May 5, 1928.
Rehearing Denied June 9, 1928.
(267 Pac. 872.)

Warren & Warren, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Choctaw county on a charge of attempted rape and was sentenced to serve a term of five years in the state penitentiary.

As shown by the record, at the time charged defendant took hold of the prosecutrix, Daisy Lick, threw her upon the ground, and attempted to have sexual intercourse with her, but was resisted by the prosecutrix and did not accomplish an act of intercourse.   Defendant offered no evidence.   No demurrer was filed to the information, but an objection to the introduction of evidence was interposed. . Under the rule that where an information is not challenged except by objection to introduction of evidence every intendment and inference is indulged in favor of the information, the objection was properly overruled.

The brief for the state admits that the case on the part of the state is rather poorly tried. There is no direct evidence that the prosecutrix was not the wife of defendant; it sufficiently appears, however, from the circumstances. The court in his instructions did not differentiate between the offense of assault with intent to rape and an attempt to rape, but used the terms interchangeably. No exceptions were taken to the instructions, and no request for additional instructions made. Section 2297, Comp. St. 1921, defines the offense of attempting to commit a crime and provides the punishment. Where the punishment for the offense attempted may be four years or more in the state penitentiary, the punishment for an attempt to commit may be not more than one-half of the longest term of imprisonment prescribed upon a conviction for the offense so attempted. There is ample evidence to sustain the judgment.

Under the record before us the punishment assessed is exclusive. The judgment is therefore modified by reducing the punishment of five years to a term of two years in the penitentiary, and, as modified, the case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.