Fay Albert CARTER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12397.

Criminal Court of Appeals of Oklahoma.

March 20, 1957.

Rehearing Denied April 17, 1957.

W. E. Green, Raymond G. Feldman, William S. Hall, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Fay Albert Carter, defendant below, was charged by information in the District Court of Tulsa County, Oklahoma, with the crime of attempted rape on the 21st day of May, 1955, in Tulsa County, Oklahoma, on the person of his nine year old daughter, Juanita May Carter. A jury was waived and the matter tried to the court. Upon a finding of guilty, judgment and sentence were entered fixing the defendant's punishment at ten years in the state penitentiary. From said judgment and sentence this appeal has been perfected.

The defendant urges three propositions in his brief. First, he contends that the evidence in the case is wholly insufficient to sustain a conviction for the crime of attempted rape. This calls for a brief consideration of the evidence.

It appears that on the day in question, the defendant had been out with some friends and according to his own admissions, he had drunk some whiskey and beer. His daughter, Juanita May, and her friend, Freda Karagas, were spending the night together in the defendant's home. It further appears that the victim's mother worked at night. Juanita May and Freda were asleep on a cot when, about 12:00 o'clock p. m., they heard some one rattling the door. Shortly thereafter, the defendant made his entry and in passing the cot, Juanita May testified, he began messing around with Freda's slip strap and broke it. Juanita said that she got up out of bed and got a pin to repair the damage, and as she was trying to repair Freda's strap, the defendant jerked her away and took her in to his bed. She tried to stick him with the pin so he would leave her alone, but the defendant got on top of her while she cried, "Get off of me, get off of me." He tore a hole in her pants, held her down on the bed, and exclaimed, "I don't care what your mama says, you're going to come in here and sleep with me." To which she replied, "I'm going to sleep with Freda." During this time Juanita said that he had

his private parts out and tried to make an insertion, but he was prevented from doing so, because she "was trying to squeeze away from him." She further testified that he got some white stuff on her. When these things occurred, she was nine years of age. When her mother came home in the morning, she related the incident to her.

Freda Karagas testified that she was twelve years of age and going on thirteen; that she spent the night with Juanita and about 12:00 o'clock Juanita's father came home; that he was drunk and sounded as if he was half alseep and half drunk; that he sat down on the cot beside her and in feeling around, he broke the strap to her slip; that Juanita got up and got a pin and the defendant pulled Juanita over into his bed; that he was lying on top of Juanita and that she could see him; that Juanita kept telling him to get off of her and he would not do it. When Juanita came back to the cot, "she told me what had happened and I told her I saw something of it."

The testimony of Dr. Van Pelt was to the effect that he examined Juanita Carter's genital organs and made an examination of a smear taken from her vagina; that he observed a very small laceration just below the entrance to the vagina and that there was some reddening of the external genitalia. He testified that in his opinion there was no penetration.

The defendant, testifying in his own behalf, denied the charge as made and in addition thereto, he attempted to discredit his nine year old daughter by testimony designed to establish the fact that, several years before, she had been misused by her maternal grandfather and an uncle. To this evidence, Juanita May gave positive and resolute denial, stating that no such thing ever occurred.

It will not be necessary to delineate any additional evidence. Apparently, the trial judge believed the testimony of the two little girls, which testimony was forthright, intelligent, and unequivocal. The jury being waived and the findings of the trial judge being supported by competent evi-

dence reasonably tending to sustain his conclusions, the same are binding on the Criminal Court of Appeals. McCarthy v. State, 91 Okl.Cr. 294, 218 P.2d 397; Fitzgerald v. State, Okl.Cr., 256 P.2d 477; Mathis v. City of Tulsa, Okl.Cr., 262 P.2d 710; Beam v. State. Okl.Cr., 264 P.2d 1001.

The defendant's second contention is that assuming there is evidence to sustain a conviction for a crime, such crime would be a lesser included offense of attempted rape in the first degree. Rape is defined in 21 O.S.1951 § 1111 as follows:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances: 1st, where a female is under the age of sixteen [16] years * * *."

Rape in the first degree is defined in 21 O.S.1951 § 1114 as follows:

"Rape committed by a male over eighteen [18] years of age upon a female under the age of fourteen [14] years, * * * in all other cases rape is of the second degree."

The penalty for rape in the first degree is not less than fifteen years. 21 O.S.1951 § 1115. Attempts to commit crimes and their punishment are defined in 21 O.S.1951 § 42 as follows:

"Every person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or was prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law * * * as follows: 1. If the offense so attempted be punishable by imprisonment in the penitentiary for four years or more, * * * the person guilty of such attempt is punishable by imprisonment in the penitentiary, * * * for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted."

The punishment for attempted rape in the first degree may be for a term in excess of seven and one-half years. 21 O.S.1951 § 42, subd. 1.

The defendant, herein, contends that the facts, as above set forth, do not constitute the offense of attempted rape in the first degree, but instead fall within the provisions of 21 O.S.Supp.1955 § 1123, defining the crime of lewd or indecent proposals by adult persons to a child under fourteen, or more specifically, designedly looking upon, touching, mauling or feeling the body or private parts of any child under the age of fourteen years in any lewd or lascivious manner by acts not amounting to the commission of any crime against public decency and morality, as may now be defined by the laws of Oklahoma.

To sustain the foregoing contention, the defendant cites numerous cases which we do not believe to be in point, herein. There are, however, many cases in point with the situation now confronting the court, such as Guy v. State, 34 Okl.Cr. 242, 246 P. 481. In that case, a nine year old girl was picked up near a park in a Ford truck by the defendant. He took her into a field or waste place where, in a clump of trees, he removed her by force from the truck, stuffed a handkerchief in her mouth, tore her bloomers off, got astride of her person, and in an effort to make her be quiet, hammered her with a dry stick. After a while, she told him to stop, she wanted to tell him something. When he released her, she got up and fled to the highway where a Doctor and his companion observed her as she seemed to be in distress. Subsequently thereto, a physical examination of the child disclosed grease and dirt upon her private parts. In affirming the conviction for attempted rape it was held that the story of the child was sufficiently corroborated by the physical facts and by the testimony of the Doctor. Therein, the defendant received a seven and one-half year sentence. It appears to us that that case is no stronger, from an evidentiary standpoint, than the case at bar. In Halbert v. State, 18 Okl.Cr. 378,

195 P. 504, the evidence showed that the defendant met a girl at a mail box and threw her upon the ground in an attempt to have sexual intercourse with her, according to the testimony of the victim. There was no actual penetration shown in either of the hereinbefore stated cases, but the conviction of attempted rape was, in both instances, affirmed. In Collins v. State, 40 Okl.Cr. 71, 267 P. 872, the defendant threw the victim on the ground and attempted to have sexual intercourse with her, but was resisted by the prosecutrix and was not able to accomplish the act of intercourse. The conviction was upheld. In Fischer v. State, 95 Okl.Cr. 189, 242 P.2d 463, 465, the defendant attempted an assault on his four year old stepdaughter and there was no evidence of penetration. This case was reversed on a point not at issue in the case at bar, but therein it was said:

"Without question the defendant by his statement attempted an assault upon his step-daughter."

Undoubtedly this case would have been affirmed had some witness testified that the small girl who was examined was the girl involved. In Matthews v. State, 91 Okl.Cr. 285, 218 P.2d 393, the defendant made an assault on a young girl. The medical proof disclosed a Doctor made an external vaginal examination and found a redness on the inner lip of the vagina. The testimony was that there was no penetration. In that case the defendant was sentenced to sixty years in the penitentiary, the accused being a second offender. This court refused to modify the judgment and sentence.

In light of the foregoing authorities and the definition contained in the statute of what constitutes an attempt, we must conclude that the evidence, herein, clearly supports the proposition that the defendant attempted to commit the crime of rape.

Temple v. State, 71 Okl.Cr. 301, 111 P.2d 524, is the controlling case on the question of intent, and therein this Court said:

"An intent to commit a crime implies purpose only, while an attempt implies both the purpose and an actual effort to carry the purpose into execution."

This definition is particularly applicable, herein, for the defendant came home in a drunken condition, pulled his young daughter into bed with him, held her down, got on top of her, and was prevented solely and only, as related in her testimony, by the fact she "squeezed out from under him." It is apparent had the victim not been so determined in her defense, rape would have resulted.

■ The defendant's next contention that no specific intent on the part of the defendant to commit the crime as charged has been established must be measured not only by Temple v. State, supra, but by what was said in Matthews v. State, supra [91 Okl.Cr. 285, 218 P.2d 395]:

"'It is seldom that a case can be found where the court can, as a matter of law, determine from the evidence that the intent to ravish did or did not exist. Where the intent rests in inference to be deduced from the facts proven, its existence or nonexistence must be submitted to the jury for their determination.'"

In view of the law applicable to the case, and the direct positive testimony of the two little girls in relation to the attempted crime, we are of the opinion that the defendant's contention as to intent is without merit. As hereinbefore indicated, the matter of intent in this case was a question for the trial court. The evidence amply supports his conclusion in this regard.

■ Finally, the defendant contends that the punishment inflicted is excessive. Because of the very reprehensible nature of the assault herein made, the relationship of the parties, the age of the victim, and the strong nature of the corroboration, we do not feel that this is a case warranting modification of the judgment and sentence, and the same is accordingly affirmed.

POWELL and NIX, JJ., concur.