# WALTER WILLIAMS v. STATE.

No. A-2026.   Opinion Filed September 18, 1914.

(142 Pac. 1181.)

1.   **FORGERY—Indictment and Information—Requesites.**  (a) Under section 2631, Rev. Laws 1910, any person who has in his possession a forged or counterfeited instrument knowing the same to be forged or counterfeited, with intent to injure or defraud any person whomsoever, is guilty of forgery in the second degree.

     (b)   It is not necessary for an information under the foregoing section to allege that any particular person was intended to be injured, and the insertion of any such name in the information is purely surplusage.

     (c)   The striking out or adding to an information language which is entirely superfluous, and which has no bearing whatever on the validity of the information or the charge therein, does not affect the proceedings.

2.   **SAME—Information—Requisites — Sufficiency — Elements of Offense.**  (a) Under section 2631, Rev. Laws 1910, supra, it is not necessary for the information to allege that the person who committed the forgery of the document the accused is charged with having in his possession with intent to defraud by uttering the same as true committed the forgery with intent to injure or defraud.   This is purely a statutory offense, and it is sufficient to lay the charge substantially in the language of the statute.

     (b)   Under section 5743, Rev. Laws 1910, an erroneous allegation in the information as to the person injured or intended to be injured is not material under prosecutions of this character. An intent to defraud any person, association, or body politic or corporate is sufficient.   Section 2837, Rev. Laws 1910.

3.   **APPEAL—Presentation Below—Sufficiency of Verdict.**   When a person is charged by information with having the possession of a forged or counterfeited instrument with intent to injure another by uttering the same, and the jury returns a general verdict of guilty, fixing the punishment within the limit prescribed by statute for such offenses, and counsel save no exceptions or make no complaint of the sufficiency of the verdict at the time, this court will not reverse a just conviction.   See **Bowlegs v. State,** 9 Okla. Cr. 69, 130 Pac. 824.

(Syllabus by the Court.)

*Appeal from County Court, Logan County;*
*A. H. Huston, Judge.*

Walter Williams was convicted of forgery in the second degree, and appeals.   Affirmed.

*Hepburn & Chappell,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J. Plaintiff in error, Walter Williams, was convicted at the January, 1913, term of the district court of Logan county on a charge of forgery in the second degree, and his punishment fixed at imprisonment in the state penitentiary for a period of two years. The information charged the accused with having possession of a forged deed with intent, upon the part of the accused, to injure and defraud by uttering the same as true, the charging part of the information being as follows:

"* * * Unlawfully, willfully, knowingly, feloniously and falsely have in his possession a certain forged and counterfeited warranty deed, purporting to be the act of one J. E. Baker in conjunction with his wife, Ollie Baker, the tenor of which is as follows, to wit [setting forth deed]. Said deed being then and there forged and counterfeited in this, to wit: That the signature of said J. E. Baker to said deed was false, forged, and counterfeited and not the genuine signature of the said J. E. Baker, as the said Walter Williams then and there well knew, by which said deed the fee-simple title to the real estate therein described purports to be transferred and conveyed to one Agnes 'O. Gaffney, with the felonious intent then and there, on the part of him, the said Walter Williams, to cheat, wrong, and defraud the said Agnes O. Gaffney by uttering said deed to be true, contrary to and in violation of the statutes in such case made and provided, and against the peace and dignity of the state."

The information is based upon section 2631, Rev. Laws 1910, which is as follows:

"Any person who has in his possession any forged or counterfeited instrument, the forgery of which is hereinbefore declared to be punishable, other than such as are enumerated in the last section, knowing the same to be forged, counterfeited or falsely altered with intent to injure or defraud by uttering the same to be true, or as false, or by causing the same to be uttered, is guilty of forgery in the second degree."

Counsel filed a demurrer to the information, which was overruled by the court, and of this action of the court they complain. The information was entirely sufficient. In the case of

*People v. Smith,* 125 Mich. 566, 84 N. W. 1068, the Supreme Court of Michigan, discussing a similar statute, said:

"The first assignment of error is that the information charges no offense under the statute, as it does not allege that the ticket was falsified, forged, or counterfeited by some person with intent to injure or defraud in connection with the alleged forgery of the ticket. The information, we think, cannot have the construction contended for. It alleges that the respondent had in his possession a certain false, forged, and counterfeit ticket, with intent to injure and defraud. This was a strict compliance with section 2631 of the statute above quoted. *Haskins v. Ralston,* 69 Mich. 63, 37 N. W. 45 [13 Am. St. Rep. 376]."

See, also, *State v. Turner,* 148 Mo. 206, 49 S. W. 988; *Lockard v. Commonwealth,* 87 Ky. 201, 8 S. W. 266; *Eldridge v. Commonwealth,* 21 Ky. Law Rep. 1087, 54 S. W. 10.

Counsel next contend that the court erred in permitting the amending of the information. There is no merit in this contention. Section 5743, Rev. Laws 1910, provides:

"When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

This court construed this section in *Ellington v. State,* 7 Okla. Cr. 252, 123 Pac. 186, and the doctrine announced is controlling here.

Section 2837, Rev. Laws 1910, is as follows:

"Whenever, by any of the provisions of this chapter, an intent to defraud is required in order to constitute any offense, it is sufficient if an intent appears to defraud any person, association or body politic or corporate whatever."

Under these sections of the statute and the opinion of the court in the Ellington case, it is clear that the allegation in the information that the accused intended to injure Agnes O. Gaffney was surplusage and not required. The amendment inserted the name of Robert A. Gaffney also, but this adds nothing to and detracts nothing from the information. *State v. Weaver,* 149 Iowa, 403, 128 N. W. 559, 31 L. R. A. (N. S.) 1046, Ann.

Cas. 1912C, 1137, and cases cited; *State v. Stark,* 202 Mo. 210, 100 S. W. 642. See, also, *Wishard v. State,* 5 Okla. Cr. 611, 115 Pac. 796.

Counsel next contend that the verdict is insufficient. This contention is also without merit. The verdict is in the following form:

"We, the jury, sworn and impaneled in the above entitled cause, do upon our oaths find the defendant guilty and assess his punishment at two years in state penitentiary.".

Counsel and the accused were present when this verdict was returned and made no objection and took no exception at the time. The verdict is sufficient, although in bad form. Counsel and the accused evidently understood for what he was being tried, and also of what he had been found guilty. See *Bowlegs v. State,* 9 Okla. Cr. 69, 130 Pac. 824.

There is no error in this judgment. The accused is clearly guilty under the facts. In our opinion the judgment should be: affirmed; and it is so ordered.

DOYLE, J., concurs. FURMAN, J., absent and not participating.