# SUBER v. STATE.

No. A-11166.  June 7, 1950.

(219 P. 2d 644.)

Fred M. Black and Sam C. Oliver, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Dolly Laura Suber, was charged in the district court of Oklahoma county with the murder of one Hazel Mae Moore on February 15, 1948, by allegedly stabbing the deceased in the left breast with a knife; was tried, convicted of manslaughter in the first degree, and sentenced to serve a term of twenty-five (25) years imprisonment in the State Penitentiary, and has appealed.

The first assignment of error is that the evidence was not sufficient to sustain the conviction of manslaughter in the first degree.

The proof of the state showed that the deceased, Hazel Mae Moore, and the defendant had resided in a two-story apartment house located at 105½ South Douglas in Oklahoma City, which was owned by the father of the defendant.   Both of the parties were Negroes.   The defendant was 38 years of age at the time of the difficulty, and the deceased was 24 years old.

Johnnie Mae Pratt testified that she lived at the apartment house where the defendant and Hazel Mae Moore also lived; that on the night of the homicide in question the deceased came home about 2:30 a. m. and the witness let her in the door; that Hazel Mae Moore stated that someone had hit B. W.'s car and for her to

go upstairs and tell him to come down and see about it; that the deceased then went to her hoom, sat down on the bed and started to put a hairnet on her head; that the defendant came into the room and said, "Hazel told a damn lie about B. W.'s car"; that Hazel Mae Moore turned around and said, "Dolly don't take your spite out on me"; that the defendant then hit Hazel Mae Moore and she saw blood spurting from Hazel Mae Moore; that at the time the blow was struck the deceased was not doing anything. She did not have her hands up, she had on a sweater and a skirt without any pocket and was not attempting to harm the defendant in any way.

The evidence further showed that immediately after the deceased was struck with a knife she ran out of the room and commenced "hollering for help"; that she succumbed on the porch of a neighbor's house and died before an ambulance arrived.

The undertaker who examined the body of deceased testified that he found a knife wound just above the left breast and below the clavicle and that the cause of death was the loss of blood as a result of the knife wound. He further testified that the deceased had on a knitted sweater and a light green skirt, neither of which had pockets in them. There was other testimony corroborative of the above related evidence of the state.

The defendant in her own behalf testified to substantially the same state of facts as Johnnie Mae Pratt up to the time of the entrance of the defendant into the room of the deceased. Defendant swore that she and the deceased had some words after she entered the room and the deceased had her coat on the door; that deceased reached in a pocket of her coat to get something and defendant backed up by the kitchen cabinet for a knife which was lying there and that deceased started towards

her saying, "I will kill you, you black bitch", and defendant then stabbed her; that the deceased was a big woman weighing over 200 pounds; that the deceased carried a knife with her known as an "East Dallas Special".

The defendant put her reputation in issue. Several witnesses testified that her reputation was good, while in rebuttal the state introduced the testimony of several witnesses who swore that her reputation in that respect was bad.

In the case of Neill v. State, 89 Okla. Cr. 272, 207 P. 2d 344, this court stated:

"Upon a trial for murder, the commission of the homicide by the defendant being proven, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable. Tit. 22 O.S. 1941 § 745.

"Verdict of jury in homicide case based upon conflicting evidence will not be disturbed on appeal on ground that the evidence is insufficient to sustain the judgment."

This court does not weigh the evidence and determine a conflict, as those are matters for determination by the jury under proper instructions. However, in the instant case the evidence overwhelmingly points to the guilt of the accused.

The second proposition presented in defendant's brief is that the trial court committed error in admitting in evidence the signed statement of the defendant which allegedly had been taken from her in violation of her constitutional rights. When the question of the admissibility of this statement was first interposed, the trial

court properly excused the jury from the courtroom and heard the evidence pertaining to the taking of the statement in the absence of the jury. The statement was in question and answer form and, according to the evidence of the officers and the stenographer who took the statement in shorthand, it was entirely voluntary on the part of the accused. There was no evidence to the contrary. The defendant did not testify that she gave the statement because of threats or coercion or any undue influence. The written statement admitted in evidence did not substantially differ from the testimony given by the defendant at the trial with the exception that in the statement she claimed that the deceased reached into a pocket of her sweater for something while in her testimony given at the trial she said that deceased reached in the pocket of a coat which was hanging on the door.

In the recent case of Cornell v. State, 91 Okla. Cr. 175, 217 P. 2d 528, 529, this court held:

"Where the competency of a confession is challenged on the ground that, if made, it was not voluntary, its admissibility is primarily a question for the court. In the absence of the jury, the court should hear the evidence offered respecting the facts and circumstances attending such alleged confession, and the burden is on the defendant to show that it was procured by such means or under such circumstances as to render it inadmissible, unless the evidence on the part of the state tends to show the fact. If it is held competent, and proof of the same admissible, the defendant is entitled to have the evidence in regard to the facts and circumstances under which it was made given anew to the jury, not that the jury may pass upon its competency or admissibility, but for the purpose of enabling them to judge what weight and value should be given to it as evidence, and the jury may disregard it if they are not satisfied that it was voluntarily made."

We find that the trial court followed the law correctly in his handling of the evidence pertaining to the alleged confession and correctly instructed the jury pertaining to it.

It is contended that the punishment was excessive. A close examination of the record fails to disclose any justification at all for this killing. We have found nothing that could be construed as in mitigation of this offense, or that would justify the court in making a reduction of the sentence. The judgment and sentence of the district court of Oklahoma county is accordingly affirmed.

BRETT and POWELL, JJ., concur.