# FISCHER v. STATE.

No. A-11492. March 19, 1952.

(242 P. 2d 463.)

190

Wyatt, Wyatt & Edwards, Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Eddie Fischer, was charged by an information filed in the district court of Pottawatomie county with committing the crime of attempted rape, "upon one Pamela Sue Leeson, a female person of the age of four years"; was tried; convicted; and pursuant to the verdict of the jury was sentenced to serve two years in the State Penitentiary; and has appealed.

The following propositions are presented in the brief of the defendant: First, the evidence was insufficient to sustain the verdict.   Second, the court erred in admitting incompetent, irrelevant, and immaterial evidence over the objections and exceptions of defendant.

The first assignment of error requires us to review the evidence.   Doctor L. D. Combs of Shawnee testified that he examined a four year old white female on November 29, 1949.   She had a small bruise on the inside of the thigh, high up toward the groin; there was diffused redness of the vulva which wasn't bad and no evidence of any penetration.   He testified the condition could have been caused by a number of things, such as riding a tricycle, or riding in a saddle, or by attempted rape, or bruising on toys.   He could not determine the cause of the injury from physical observation and examination of the patient.   He did not know the name of the girl but was told her name was Pamela Sue Leeson.

Ralph Blevins testified that he lived in the Beacon Hill Building, Apartment 31, near Oklahoma Baptist University.   About 12:30 p. m. on November 29, 1949, he saw a man and little girl coming out from a culvert where Saratoga and Lexington avenues come together.   He saw the man button up his pants. He told a neighbor what he had seen and the neighbor called the officers while the witness proceeded to the culvert to make an investigation.   He found a substance on the ground in the culvert which appeared to him to be the discharge from a male.   He did not know the man he saw coming out of the culvert and had never seen him before.   However, he later learned that the name of the man was Eddie Fischer.   He has never learned the name of the little girl and does not know whether she is related to Eddie Fischer.

Harold H. Bonner testified that he was chief of police of the city of Shawnee on November 30, 1949. About 9:00 a. m. on November 30th he had a conversation with the defendant, Eddie Fischer, in the office of the county attorney of Pottawatomie county, in the presence of the county attorney and of Clarence Roberts, a policeman. In that conversation the defendant said he took his step-daughter for a walk; that they crawled through a culvert and there he attempted to have sexual intercourse with her but she commenced to cry so they came out and went home. He identified a statement in defendant's own handwriting which he said the defendant voluntarily wrote in response to a request of the county attorney. This writing is as follows:

"We went for a walk & then we stood & watched the planes come in & then I told here that we would crowel in the hole and we were sitting there for a while & then I told her to pull her panties down & I tryed to get it in her but I could not so I quite & we came home.

"Eddie Fischer

"Witnesses
Duke Skinner
Harold H. Bonner
Clarence Roberts
11-30-49-9:55 A.M."

Clarence Roberts, a policeman of Shawnee, testified to substantially the same facts related by the chief of police. Neither the witness Roberts nor Bonner gave the name of the little girl allegedly assaulted.

On behalf of the defendant, the witness Roberts was recalled and testified that he talked to the state witness Blevins on the date of the alleged assault and Blevins did not relate to him that he saw the man which came out of the culvert with a little girl buttoning his trousers. He further stated that he made an investigation of the place of the alleged assault in the culvert and examined the spot on the ground which the witness Blevins told was the emission from a male, and in his opinion it was water seeping up through the ground. He further said that Blevins told him the man he had seen with the little girl was about 22 years of age, five feet eight inches tall, and would weigh about 160 pounds.

Louise Fischer, mother of defendant, testified that he was 25 years of age and had lived in Pottawatomie county all of his life, having been born there; that defendant spent 18 months in service during World War II; his height is six feet and he weighs 215 pounds.

One cannot read this record without concluding that the case was not carefully tried. Without question the defendant by his statement attempted an assault upon his step-daughter. The doctor examined a small child approximately four years of age. He did not know her name, although by the admission of hearsay evidence it was shown he was later told her name was Pamela Sue Leeson. No witness testified that the small girl which was examined was the step-daughter of the accused or was the girl involved in the alleged assault. No one even testified that the step-daughter of the accused was named Pamela Sue Leeson. It appears that the prosecution was convinced of the guilt of the defendant and because of the apparently strong proof they had against him, they neglected to show the connection between the child allegedly assaulted and the one which was examined by the doctor. This proof could possibly have been furnished by the sheriff, or by one of the neighbors. At least if such was the fact it could have been shown by some witness who was familiar with the family and knew the name of the little girl. It is not even shown that such a girl as Pamela Sue Leeson actually existed. That was the name of the

girl on whom the assault was made according to the allegations of the information. After introducing the written statement from the defendant the prosecution did not go ahead and prove their case by competent evidence but were evidently content for it to be filled in by surmise, guesswork, innuendoes and prejudice.

It appears to us that there was a failure on the part of the state to prove the corpus delicti. In Bond v. State, 90 Okla. Cr. 110, 210 P. 2d 784, 786, it is said:

"The 'corpus delicti' means, when applied to any particular offense, the actual commission by some one of the particular offense charged."

In this case in order to prove the corpus delicti, under the allegations of the information, it was incumbent upon the state to prove, independent of the alleged confession, an assault upon Pamela Sue Leeson, a four year old child. This proof could have been furnished by circumstantial evidence, but it has to be proved and cannot be left to conjecture. In Bond v. State, supra, this court held:

"A conviction cannot be had upon a defendant's extrajudicial admissions alone, unless the state proves in some way the corpus delicti, independent of the defendant's admission. Direct and positive proof is not essential to establish the corpus delicti, and it may be proved by circumstantial evidence. When it is proved by circumstantial evidence, the question should be submitted to the jury along with other questions of fact in the case, as to whether or not the state has established the corpus delicti beyond a reasonable doubt."

The second assignment of error is directed at the admission in evidence over objection of defendant of the alleged confession in writing executed by the accused. We have examined the record with reference to this assignment of error and do not feel that it has substantial merit. So far as the proof shows the confession was voluntarily written by the defendant himself. The defendant did not testify and there is nothing in the record which would suggest any intimidation, duress or promises of benefit to cause the making of the confession.

Because of the reasons hereinabove stated, the judgment and sentence of the district court of Pottawatomie county is reversed and remanded for a new trial.

BRETT, P. J., and POWELL, J., concur.