## JOHNSON v. STATE.

No. A-11758. Sept. 16, 1953.

(261 P. 2d 480.)

Ryan Kerr, Altus, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, Christine Johnson, was charged by an information filed in the district court of Tillman county with the crime of unlawful possession of intoxicating liquor, a subsequent offense; was tried, convicted, and sentenced to serve three years in the penitentiary and pay a fine of $1,500 and has appealed.

Counsel for the defendant have presented three assignments of error in their brief. No brief has been filed on behalf of the state and the Attorney General has orally advised the court that he is unable to answer the contentions of the defendant and is of the opinion that the case should be reversed.

The first assignment of error is that the trial court erred in overruling the demurrer to the information. We have examined the information and hold that it was sufficient to charge the offense named in the caption and was sufficient to properly advise the accused of what she was charged so that she could prepare her defense.

It was contended that the evidence of the state was insufficient to sustain the conviction. Only one witness testified to the merits of the case for the state and none for the defendant. L. L. Kilgore, sheriff of Tillman county, testified that on October 6, 1951, he procured a search warrant to search lots 1, 2, 3, and 4 of Block Three in the town of Tipton. That Melvin Johnson and Christine Johnson the defendant were living on lots 1 and 2. That when he arrived at the premises neither of those parties was present. Christine Johnson was across the street in front of the house. When she saw the officers she started to the house and the warrant was served on her in the street. Two cases of whiskey were found on lot 3, which was separated from lots 1 and 2 by a chicken wire fence. Lots 3, 4, 5, and 6 were fenced together. During the cross-examination of the sheriff, it was stipulated between the county attorney and counsel for the defendant that Melvin and Christine Johnson were the owners of lots 1 and 2 and that parties other than Christine and Melvin Johnson were the owners of lots 3, 4, 5, and 6 in block three of the town of Tipton. The sheriff further testified that there was a hog shed and turnip patch on lots 3, 4, 5, and 6 and that he had seen hogs and chickens on these other lots. He did not know who built the chicken wire fence, but in passing the place he had seen Melvin Johnson fixing the fence and had seen Melvin Johnson doing the chores on lots 4, 5, and 6. That the only time he had seen Christine Johnson around those lots was when he had seen her feeding the chickens. He further testified that Melvin and Christine were man and wife and that they lived in the house on lots 1 and 2, but Melvin was not at home at the time the search was made. The sheriff further testified that he filed identical charges against Melvin Johnson and Christine Johnson for the possession of the two cases of whiskey. That these charges were separately filed and the charge against Melvin was pending at the time of the trial of Christine Johnson.

In addition to the testimony of the sheriff, the court clerk identified certain exhibits in connection with the trial and conviction of the defendant in two other cases involving alleged violations of the prohibitory laws, in which the defendant was convicted and sentenced to serve 30 days in the county jail and pay a fine of $50 on each charge.

In the case of Sentell v. State, 61 Okla. Cr. 229, 67 P. 2d 466, this court held:

"The husband is the head of the family. He may choose any reasonable place or mode of living and the wife must conform thereto. * * *

"On the trial of a wife jointly charged with her husband with unlawful possession of a still, where the evidence shows that the same was found on premises occupied by them as their home, it must be presumed that the wife acts under her husband's direction and coercion, and she is entitled to an acquittal of any charge brought against her for the commission of such act, unless such presumption is rebutted. * *

"In a prosecution of a married woman jointly charged with her husband with possessing a still for manufacturing liquor, conviction held not sustained by evidence as to her acts after her husband left home.

"In the trial of a criminal case, if the evidence introduced by the state fails to incriminate the defendant, or as a matter of law is insufficient to show that the defendant is guilty of the offense charged, it is the duty of the trial court to advise the jury to return a verdict of acquittal."

In that case the facts showed that a whiskey still was found in a shed on the premises and near the home occupied by the defendant and her husband. The husband was absent at the time the raid was made. In the body of the opinion it is stated:

"The general rule that, as to criminal acts committed in the presence of her husband, a married woman is presumed to have acted under coercion, is, of course, where recognized, applied to cases of liquor-law violation. But in proving the unlawful manufacture, or the possession of liquor, or the maintenance of a liquor nuisance, distinctive questions are presented in reference to inferences arising from the wife's presence, her failure to object or to take other action, or her assistance rendered in avoiding detection of the crime. In such cases, the rule generally recognized, even where the presumption of coercion does not obtain, is that the husband as the head of the household is presumptively responsible for conditions there, and that the wife cannot be held accountable therefor in the absence of some evidence of guilt in addition to the fact of her mere presence in the place of the offense. See 71 A.L.R., annotation, p. 1127.

\* \* \* \* \* \*

"In Tewmy v. Commonwealth, 206 Ky. 522, 267 S.W. 1087, it was held that, although there is no presumption of coercion in Kentucky (under the rule of King v. [City of] Owensboro, 187 Ky. 21, 218 S.W. 297), a wife is not guilty of unlawfully possessing intoxicating liquor merely because such liquor is found upon premises occupied by herself and husband; 'he of course being, under the proven facts, the head of the family as well as the controller of the premises.' The court said: 'Even if the wife, under the proven facts, had knowledge of the possession of the liquor by her husband, there might be considerable doubt as to whether she could be convicted without further proof of her joint participation in that possession' since \* \* \* 'she would be called upon, in order to exculpate herself, to abandon her home, and separate frow her husband, and dissolve the bonds of matrimony between them.' "

In Neff v. State, 29 Okla. Cr. 2, 231 P. 898, this court reversed a conviction of a housewife for illegal possession of whiskey. In the opinion it was stated:

"Notwithstanding the recent development in the emancipation of women, a wife is still presumed to be under duress of her husband, where a crime is committed by the husband in her presence. In this case the husband had just been carried away and incarcerated in jail. The whiskey the officers smelled may have belonged to him, and the wife may have had no intention of disposing of the liquor. The evidence as to Mrs. Neff is insufficient to support the verdict as against her."

In the instant case we find no specific proof that the accused did any act showing a possession on her part of the whiskey which was found by the officers, other than that she was the wife of Melvin Johnson, who apparently, although not the owner, had the possession and was exercising control over the premises where the intoxicating liquor was found. There was no evidence showing any words spoken or acts committed by the accused to indicate she had the possession of the liquor in question. Before a wife may be held liable for intoxicating liquor found on premises occupied by her and her husband as a home, there must be some proof other than the mere fact of her living on the premises to connect her with the possession. If the husband was present, and she did violate the law in his presence, there is a legal presumption that such act was committed as a result of restraint or coercion. 21 O.S. 1951 § 157; Kelso v. State, 96 Okla. Cr. 367, 255 P. 2d 284; O'Donnell v. State, 73 Okla. Cr. 1, 117 P. 2d 139; Winer v. State, 36 Okla. Cr. 316, 253 P. 1025; Stewart v. State, 71 Okla. Cr. 292, 111 P. 2d 200; Paris v. State, 66 Okla Cr. 236, 90 P. 2d 1078.

In O'Donnell v. State, supra, this court held:

"The view adopted by the decisions of this court, is that the presumption is slight, and may be rebutted by slight circumstances. The individual facts in each case must be considered to determine whether there has been proof to overcome the presumption."

There is substantial merit to the third assignment of error directed at the instructions given by the court and one which was refused that was requested

by the defendant pertaining to the presumption that a wife committing an act in the presence of her husband is acting under his influence and direction. The defendant requested an instruction further defining the word "presence". In view of the fact that we consider the evidence wholly insufficient to sustain the conviction, it is unnecessary to give a detailed treatment of this assignment of error. Some of the above-cited cases, especially O'Donnell v. State, supra, give a detailed treatment of this subject.

The judgment of the district court of Tillman county is reversed.

POWELL, P. J., and BRETT, J., concur.