Lewis Burrell FORD, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12293.

Criminal Court of Appeals of Oklahoma.

Sept. 19, 1956.

Sewell & Mauldin, Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

Lewis Burrell Ford was charged by an information filed in the District Court of Stephens County with the crime of operating a motor vehicle on the public highway while under the influence of intoxicating liquor, a second and subsequent offense, was tried, convicted and sentenced to serve one year in the penitentiary and to pay a fine of one dollar and has appealed.

The following propositions are presented: 1. The corpus delicti was not proven. 2. The county attorney was guilty of misconduct.

In connection with the first assignment of error, defendant admits that he drove his automobile at the time and place in question, but denies that he was under the influence of intoxicating liquor and alleges that the State's proof did not show that at the time defendant drove his automobile he was intoxicated.

The proof of the State showed that prior to July 10, 1955, defendant had been employed by one Hardy to work at a filling station in Velma. On that date defendant arrived for work about 20 minutes late.

Mr. Hardy testified that when defendant drove up to work he saw that defendant had been drinking and they had a few words; that defendant said he had had a few drinks but that he was able to work. That Hardy had previously warned defendant not to come to work when he was drinking, so Hardy discharged the accused at that time and told him not to report for work again. Mrs. Hardy heard the argument between her husband and the accused and left the premises to find an officer.

Mr. Sowell, the deputy sheriff, was at Velma and Mrs. Hardy reported the incident to him. Sowell testified that he drove to the home of the accused and waited at the top of a hill near his house for the accused to return home. That in a few minutes he saw a pickup enter the premises followed closely by an automobile which defendant was driving; that the witness drove in immediately behind defendant's automobile and saw him emerge from the car. In the opinion of the officer, defendant was drunk. Sowell arrested the defendant and on the way to the county jail defendant jerked the keys from the automobile and threw them away, jumped from the officer's car and attempted to flee. Some people who were passing in another truck helped the officer stop the accused and they held him while the officer handcuffed him.

The corpus delicti simply means the commission by someone of the offense charged in the information. Parnell v. State, 96 Okl.Cr. 154, 250 P.2d 474; Fischer v. State, 95 Okl.Cr. 189, 242 P.2d 463; Pumpkin v. State, Okl.Cr., 295 P.2d 819. If the testimony of witnesses Sowell and Hardy was believed by the jury, it was sufficient not only to establish the corpus delicti, but was sufficient to sustain the conviction.

In his own defense defendant admitted that he had been drinking the night before the date of the alleged offense and that on the morning of July 10 when he arose, he took another drink of whiskey and left to go to work. That one drink of whiskey was

all that he had taken on that morning and it had not intoxicated him. He admitted having the argument with Mr. Hardy and stated that after he left the service station, he drove to County Line to see Pete Tivis in order to sell him a calf which the accused owned. That Tivis agreed to go to his place and look at the calf. That when the accused arrived at his house, Tivis and one Thacker were there and had looked at the calf; that after the accused arrived at his .home he took a large drink of whiskey; that the deputy sheriff did not arrive until about 20 or 30 minutes after the accused had reached home; and that the accused had become intoxicated by reason of having drunk the whiskey after he arrived home.

Tivis and Thacker each testified that in their opinion defendant was sober when he talked to them at County Line and again at his farm home.

In connection with the second assignment of error, defendant alleges that the county attorney was guilty of misconduct in asking the accused about previous convictions for public drunkenness and for driving an automobile on the highway while intoxicated. At no time during the questioning concerning these prior convictions was an objection interposed by counsel for defendant.

█ It is proper on cross-examination of a witness to ask him concerning prior convictions for crimes for the purpose of affecting his credibility as a witness. Johnson v. State, 97 Okl.Cr. 63, 257 P.2d 1102; Jasper v. State, Okl.Cr., 269 P.2d 375; Hutchinson v. State, Okl.Cr., 274 P.2d 74.

In connection with this same assignment of error it was contended that the county attorney was guilty of misconduct in exhibiting whiskey to the jury which had not been placed in evidence. The record shows that on cross-examination of the accused the county attorney handed him a bottle which defendant stated was a half-pint bottle. Previously defendant had testified that he had taken a heavy drink of whiskey out of a half-pint bottle of whiskey and· had thrown the bottle away just before Officer Sowell arrived at his farm home. The county attorney handed the defendant the half-pint bottle of whiskey and asked him to show to the jury how much he had drunk from the half-pint bottle by indicating on the bottle the amount which had been consumed.

█ This alleged misconduct must be considered together with the defendant's testimony that he had concealed in his granary some whiskey which he had for the purpose of drinking. The deputy sheriff had testified that defendant's wife had given him two half-pints of whiskey which she had taken out of the granary. Defendant had admitted that he had concealed liquor similar to that contained in the half-pint bottles which were handed to him by the prosecutor and evidently the whiskey bottles had been permitted to lie on the counsel table during the trial. The county attorney tried unsuccessfully to lay a predicate for their admission in evidence. We do not find that the county attorney was guilty of prejudicial misconduct in his cross-examination of the accused.

This is another case where the accused straightened up after he had gotten into trouble and evidently at the time of the trial was leading a sober, honest and industrious life. Character witnesses testified in his behalf that his reputation before July 10 was bad because of his drinking habits, but that since July 10 he had reformed and was attending church regularly, had again been employed by Mr. Hardy at his service station and was making a living for his wife and three children. He was only given the minimum sentence and under the record we do not feel justified in interfering with the judgment.

Affirmed.

BRETT and POWELL, JJ., concur.