William Robert RAYBOURN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12567.

Criminal Court of Appeals of Oklahoma.

Sept. 10, 1958.

Rehearing Denied May 13, 1959.

Hendon & Hendon, Shawnee, by Claude Hendon, Shawnee, Okl., for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, William Robert Raybourn, defendant below, was charged by information in the District Court of Pottawatomie County, Oklahoma, with the crime of forgery in the first degree in violation of 21 O.S.1951 § 1561. The information, in substance, alleged he feloniously forged a release to a mortgage covering a piece of residential property and caused the same to be filed and recorded in the office of the Pottawatomie County Clerk. The mortgage had been executed by the defendant and his wife in the sum of $15,-000 to the Midwest Mortgage Company, hereinafter called the Mortgage Co., and assigned to the Metropolitan Life Insurance Company of New York, hereinafter called the Insurance Co., which appeared to be the record owner thereof. He was tried by a jury, convicted, and his punishment fixed at seven years in the state penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The defendant herein entered his plea of not guilty to the information and later withdrew the plea for the purpose of demurring to the information, which was done. It is well to note that the original information upon which the prosecution

was instituted did not plead the release upon which this prosecution was predicated. On this failure, and four other grounds, the defendant based the demurrer. The demurrer was sustained on the ground of failure to plead the release and on all other grounds was overruled. The trial court gave the state leave to amend its information which, except for this one ground, was found to be sufficient to sustain the charge. The state amended the information by giving the book and page where said release was recorded and attached a true copy of the release of the mortgage to the information.

On the foregoing facts, the defendant contends the trial court was without jurisdiction to try the cause for the reason it had granted the county attorney leave to file an amended information after the court had sustained the defendant's fifth proposition to the original information and thereafter the defendant not being accorded a preliminary hearing on the amended information constitutes reversible error.

The effect of this procedure was that the trial court did not sustain the demurrer on the ground the information was insufficient to state a cause of action, but held it should be amended to provide additional descriptive matter. This was undoubtedly done under the provisions of 22 O.S.1951 § 304:

> "An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

Shiever v. State, 92 Okl.Cr. 239, 222 P.2d 530, 531, holds:

> "Where trial court allows information to be amended as to form only on the day the case is assigned for trial, the burden is upon defendant to show

that such amendment materially prejudiced the accused."

It is material that the defendant made no attempt to show he was prejudiced by the amendment. Pruitt v. State, 94 Okl.Cr. 387, 236 P.2d 702, 703, holds:

> "An information may be amended in matters of either form or substance where it can be done without prejudice to the substantial rights of the accused, and no amendment shall cause any delay in the trial unless for good cause shown by affidavit."

Gower v. State, 94 Okl.Cr. 184, 237 P.2d 162. An examination of the original and amended informations disclose they describe the same identical offense, to-wit: the forging of the release in question and the filing of the same of record with the intent to defraud. Except for the descriptive averments of the book and page where the document was filed and the attachment of the alleged forged release, the amended information is identically the same as the original information. There could be no question as to the charge alleged and the property involved or the amount of the mortgage attempted to be released. Since these matters were adequately pled, the defendant could not be twice placed in jeopardy on the same charge. Vandiver v. State, 97 Okl.Cr. 217, 261 P.2d 617, 619, which states in syllabus 2:

> "An information or indictment which, construed under the ordinary rules of construction, states all the essential elements of the crime charged sufficiently to enable a person of common understanding to know what is meant, and with sufficient particularity to enable a defendant to prepare for his trial, and to plea the judgment in bar if again informed against for the same offense, is sufficient."

Johnson v. State, 97 Okl.Cr. 200, 261 P.2d 480. Ex parte Conway, 84 Okl.Cr. 118, 179 P.2d 699, holds:

> "Where an information charging a felony is amended, and the charge in

the amended information is substantially the same as the charge in the preliminary complaint before the committing magistrate, the contention that accused should have a right to preliminary hearing on the amended information is untenable."

In White v. State, 23 Okl.Cr. 198, 214 P. 202, 205, it is said:

"The fact that the original information was adjudged insufficient for want of descriptive averments and that the defendant was subsequently confronted with a new or amended information does not of itself give him the right to demand another preliminary hearing. The same offense was described in both informations. The preliminary examination was sufficient to support the information on which he was finally tried and convicted."

■ Under this record, the defendant was not prejudiced by failure to set out the release and plead the book and page of its recording. In Horn v. State, 31 Okl. Cr. 347, 349, 238 P. 966, 967, it was indicated an allegation of the forged instrument was better practice; it was not necessarily essential. The Court said:

"However, the failure to set out the instrument could in no sense have been prejudicial to the defendant. For, if the description as alleged in the information failed to fully apprise the defendant of the instrument in question, the allegation of the book and page where the same was recorded afforded him an opportunity to fully ascertain the contents, and under this state of facts the error was harmless."

This holding supports the rule that if there is sufficient allegation of descriptive matter to enable the defendant to ascertain the contents of the forged instrument, the error in failing to plead the forged release in this case is harmless. The description of the property, the amount of the mortgage, the date thereof, the names of the mortgagors, the description of the mortgagee, the Mortgage Co., and the de-

scription of the assignee, the Insurance Co., as the parties affected by the release, afforded the defendant ample opportunity to ascertain the contents of the release in question. There could be no mistake about the instrument involved herein and its identity as a buttress against a second charge for the same offense. Under the aforesaid cases, we are of the opinion the error complained of in this regard was harmless. The authorities and statutes relied on by the defendant are applicable in cases where the information is wholly bad, does not state a cause of action, and cannot be amended without substantial prejudice to the defendant, and thus are not in point herein.

The defendant's second contention is that the trial court erred in overruling his motion to dismiss the prosecution on the ground of a fatal variance in that the information pled the mortgage executed to Midwest Mortgage Company had been assigned by it to the Metropolitan Life Insurance Company. The proof established the Mortgage Co. was the actual owner thereof, notwithstanding the fact the Insurance Co. was the recorded assignee thereof. More specifically, the proof established that the Mortgage Co. financed the mortgage through other parties on the strength of a commitment of the Insurance Co. to buy the mortgage. The evidence further disclosed that the Insurance Co. had not paid for the mortgage, even though it was committed so to do. Hence, it was not the real party in interest, but the actual owner of the mortgage was the Mortgage Co.

■■ The charging part of the information alleged the defendant executed an instrument

"purporting to release a mortgage in the sum of fifteen thousand dollars ($15,000) on said property wherein William Robert Raybourn and Georgia M. Raybourn are mortgagors and Midwest Mortgage Company, a corporation is the mortgagee, said mortgage being dated the 1st day of October,

1956 and said mortgage being assigned to the Metropolitan Life Insurance Company, a corporation, that said purported release was executed without the knowledge or consent of the said mortgagee or the holder of said mortgage and that said purported release was filed and placed of record in Book 107, at page 96 in the office of the County Clerk of Pottawatomie County, Oklahoma, and that said purported release is in words and figures as follows: * * *"

The pertinent part of the statute, 21 O.S. 1951 § 1561, provides as follows, to-wit:

"Every person who, with intent to defraud, forges, counterfeits or falsely alters:

"1st. Any will or codicil of real or personal property, or any deed or other instrument being or purporting to be the act of another, by which any right or interest in real property is, or purports to be, transferred, conveyed or in any way changed or affected;

* * * * * *

"Is guilty of forgery in the first degree."

The language of this statute is plain that the essential elements are intent to defraud by forging an instrument so designed to affect the right or interest of another in real property. As will be hereinafter demonstrated, the evidence supports the intent, the forgery, and the recording of the instrument by the defendant. It is apparent that under the foregoing statute, a case where the enumerated elements are present constitutes a violation of law regardless of whose right may be affected even though it may not be the right of one whom the offender intended was to be defrauded. It is sufficient if a fraud is perfected on the owner and holder of the right, whomsoever that may be. The fact that the right affected in the case at bar was not that of the Metropolitan Life Insurance Co. but was actually that of the Mortgage Co. under the statute constitutes no material variance, since the proof was that the Mortgage Company's right or interest in the real property was actually affected. Hence, the allegation as to the Insurance Co. being the assignee of the mortgage constitutes mere surplusage.

There are no cases directly construing this statute, but by analogy, Williams v. State, 11 Okl.Cr. 82, 142 P. 1181, construing a similar statute, 21 O.S.1951 § 1579, supports this view. Therein it was said in paragraphs 1 and 2 of the syllabus:

"1. (A) Under section 2631, Rev. Laws 1910, any person who has in his possession a forged or counterfeited instrument knowing the same to be forged or counterfeited, with intent to injure or defraud *any person whatsoever,* is guilty of forgery in the second degree. (Emphasis supplied.)

"(B) It is not necessary for an information under the foregoing section to allege that any particular person was intended to be injured, and the insertion of any such name in the information is purely surplusage.

"(C) The striking out or adding to an information language which is entirely superfluous, and which has no bearing whatever on the validity of the information or the charge therein, does not affect the proceedings.

"2: * * * (B) Under section 5743, Rev.Laws 1910 [22 O.S.1951 § 406], an erroneous allegation in the information as to the person injured or intended to be injured is not material under prosecutions of this character. An intent to defraud any person, association, or body politic or corporate is sufficient."

Moreover, the intent and design being to affect the title of the real property involved, the crime was complete when the mortgage release was filed of record. Arnold v. State, 15 Okl.Cr. 519, 178 P. 897. As was held in Snider v. State, 71 Okl.Cr. 98, 108 P.2d 552, where the general intent is to cheat and defraud, the proof is sufficient even though it does not show the particular person named in the information was defrauded,

but instead some other persons' interest in the property was affected by the forged instrument. In Brill's Cyclopedia of Criminal Law, Vol. 1, page 978, the general rule is stated:

"* * * according to weight of authority there need not be an intent to defraud a particular person, and a general intent to defraud someone will suffice."

Proof, under this section, is sufficient where it establishes the intent, forgery, and filing of the forged instrument. In Brannon v. State, 94 Okl.Cr. 261, 234 P.2d 934, 935, it is said:

"When an offense involves the commission of, or an attempt to commit a private injury and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

Gower v. State, supra. We are of the opinion that the foregoing authorities support our conclusion that there was no fatal variance in the pleading and proof.

In the defendant's third proposition, he contends that the verdict, judgment and sentence are not supported by sufficient evidence in that independent of the defendant's confession made to the County Attorney in question and answer form, which he asserts was not voluntarily made, the corpus delicti was not established by competent evidence. Under this contention the record must be searched for direct and circumstantial proof to ascertain if independent of the admission of the forgery by the accused, the corpus delicti has been established by sufficient evidence. This is in keeping with the rule announced in Shires v. State, 2 Okl.Cr. 89, 99 P. 1100, 1103, wherein in the body of the opinion the rule was stated:

"Proof aliunde of the corpus delicti is required. While great caution, founded on experience in the administration of criminal law, should be observed, that a person charged may not be punished for an alleged crime not actually committed, direct and positive evidence of the corpus delicti is not indispensable. Like any other fact, the subject of judicial investigation, it may be proved by circumstantial evidence. George v. United States, [1 Okl.Cr. 307] 97 P. 1052 [100 P. 46]; Winslow v. State, 76 Ala. 42; McClain on Crim.Law, § 612; 1 Bishop's Crim. Proc. § 1057; 3 Greenl. on Ev. § 30."

It has further been held that the corpus delicti need not be established beyond a reasonable doubt, but it is sufficient if the evidence thereon be substantial. This may be done without connecting the defendant with the commission of the crime. The corpus delicti being established by proof other than the defendant's confession, the confession then becomes admissible for the purpose of connecting the defendant with its commission. In Robinson v. State, 71 Okl.Cr. 75, 108 P.2d 196, 197, the rule covering such situations was stated in syllabus 3 as follows:

"Corroboration of a confession is not sufficient if it tends merely to support confession without also embracing substantial evidence of the corpus delicti and the whole thereof, but it need not independent of the confession establish the corpus delicti beyond a reasonable doubt, if evidence and confession together are convincing beyond a reasonable doubt of the commission of the crime and defendant's connection therewith."

The circumstances in support of the proof of corpus delicti are substantially as follow: The Mortgage Co., the real party in interest, discovered that the release of the mortgage on the Raybourn property, which they owned, had apparently been executed by some one not named in a booklet published by the Insurance Co. as a vice-president and authorized to do so, one Kenneth F. Long. It appeared that the release of this mortgage was executed by one who had affixed a seal thereto purported to be the seal of the Insurance Co. which was considerably larger than that previously

used by the Insurance Co. and was entirely illegible. It appeared the release was executed in New York on February 5, 1957, and was purportedly acknowledged in the State of New York on the same day by one Nancy Francis of New York County, whose seal was likewise illegible. On February 6, 1957, the purported release was filed of record by the accused, personally, in the County Clerk's office in Pottawatomie County, Oklahoma. Mr. Gordon, President of the Mortgage Co., testified that all such releases executed by the Insurance Co. for the State of Oklahoma, with the exception of two northeastern counties, cleared through his office, and this did not. The evidence disclosed that the notarial seal affixed to releases of similar instruments executed in New York City bore a stamp affixed by the notary showing the borough of the City of New York to which his authority was confined, and this did not. The releases of mortgages executed by the Insurance Co. were on printed forms and not typewritten, as this was. The evidence shows the typist in typing this release misspelled several words among which was "debit" instead of "debt". The Mortgage Co. was the real party in interest as hereinbefore set forth. The record conclusively shows that the Insurance Co., never having paid the Mortgage Co. for the mortgage herein involved, had never been notified of the existence of the Raybourn mortgage. It is a strong circumstance indicative of the fictitious nature of the release that the Insurance Co. would execute a release covering a mortgage on property of which it knew nothing. Another strong circumstance of guilt is that the defendant offered no check, money order, or other evidence to show that he had paid the note and mortgage herein involved. Another strong circumstance of guilt is that the defendant at no time discussed the payment of the mortgage and the release thereof with Mr. Gordon, with whom he originally negotiated the same. Instead, after the filing of the release by the defendant, he then procured another loan on the identical property from the Prudential Insurance Company in the sum of $17,300, whereupon he then contacted Mr. Gordon, stating to him that he had found some money with which he desired to pay off a $3,000 second mortgage which he had previously executed to the Mortgage Co. The record discloses that at no time did the defendant ever disclose to Mr. Gordon the existence and filing of the release and the obtaining of the new loan with the Prudential Insurance Co., but kept the matter entirely to himself. Cancelled checks and bank deposit slips were introduced evidencing the $17,300 loan from the Prudential Insurance Co. and the $3,000 payment to the Mortgage Co. Also, both Mr. Gordon of the Mortgage Co. and Mr. Fisher of the American First Title & Trust Co. testified the instrument in question was, in their opinion, a forged or bogus instrument.

 Thus, it appears the circumstances were sufficient to establish the commission of the crime of forgery by someone. Such being the case, the defendant's confession, if voluntary, became admissible to identify and connect the defendant with the crime. The facts in this regard disclose that the defendant called, from a Tulsa hotel room, Mr. Lloyd Henry, a resident of Shawnee, a former county attorney of Pottawatomie County, his friend, to come to Tulsa and bring with him the then county attorney, Mr. Wilson, for a conference. The county attorney and Mr. Henry responded and talked with the defendant in his hotel room in Tulsa about the crime. There, on the way back to Shawnee, and upon arrival in Shawnee, he conversed freely about his connection with the crime. Upon arrival in Shawnee, Mr. Henry retired from the case, but in the presence of the county attorney and his secretary, the defendant made a full disclosure of his conduct in the matter. In this statement, taken in question and answer form, he freely admitted executing on his typewriter the forged release, affixing a purported signature of a vice-president of the Insurance Co., a phony, illegible Insurance Co. seal

thereto, a forged notarial signature, and a blurred, illegible notary's seal thereto, all of which were false and fraudulent. He admitted then filing the same with the County Clerk of Pottawatomie County, the latter fact being corroborated by the Deputy County Clerk. In substance, all other essential circumstances incident to the fraud were admitted. The county attorney and his secretary both testified positively the statement was a free and voluntary one on the part of Raybourn. We are of the opinion the circumstances leading up to the statement are clearly corroborative of the fact and establish it beyond any doubt, since the defendant offered nothing to refute the state's proof on this point. On the authority of Fischer v. State, 95 Okl.Cr. 189, 242 P.2d 463, this contention is without merit. The rule is therein stated:

"The burden is upon him who challenges the admissibility of a confession to show that it was procured by such means or under such circumstances as to render it inadmissible, unless the evidence on the part of the state tends to show that fact."

To the same effect is Suber v. State, 91 Okl. Cr. 405, 219 P.2d 644.

It is thus apparent that the confession of the defendant, being voluntarily made, was admissible to identify the defendant as the offender and connect him with the crime. We are of the opinion the evidence sufficiently supports the jury's verdict on both the question of establishing the corpus delicti and the voluntary nature of the confession, as well as the finding of the defendant's guilt.

In his fourth proposition, the defendant complains the admission of evidence to the effect the Mortgage Co. was the real owner of the mortgage was incompetent, inadmissible and prejudicial. In light of what was determined in propositions two and three, this contention is without foundation.

The judgment and sentence is accordingly affirmed.

POWELL and NIX, JJ., concur.