# CHARLEY EDWARDS v. STATE.

No. A-7185.   Opinion Filed Jan. 31, 1930.
(288 Pac. 359.)

78

W. H. Youngblood, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of McIntosh county on a charge of murder, and his punishment fixed at imprisonment for life in the state penitentiary at McAlester, Okla.

The defendant and Reba Thompson were jointly charged with the murder of Sherman Thompson, the husband of Reba Thompson, which murder was alleged to have been committed on or about the 10th day of December, 1927.  A severance was granted, and the defendant tried and found guilty of murder.  The facts in the case as developed by the evidence of the state were: That on the night of December 10, 1927, Sherman Thompson was found dead on the premises occupied by John Etchison, who was the father of Reba Thompson.  Defendant had been working for and living with John Etchison and the

deceased, and his wife had been living in the Etchison home some time prior to the homicide, but about a week before the homicide had moved to themselves, and were living about four miles from the Etchison home. That Reba Thompson and defendant had had illicit sexual intercourse in Arkansas prior to the marriage of Reba to the deceased. That the family had moved from Arkansas to McIntosh county, and that the illicit relations had been renewed between the defendant and Reba Thompson. That there was a $2,000 life insurance policy on the life of deceased, and that Reba Thompson was the beneficiary, and that the defendant and Reba conspired together to kill the deceased, collect the insurance, marry, and return to live in Arkansas. That on the night of the killing the deceased and Reba came to the home of her father where the killing occurred on that night. Some time after the killing the defendant was arrested at Harrison, Ark., where he made and signed a confession admitting that he had killed the deceased. That he and Reba carried the body some 40 or 50 steps from the house, took a shoe off of the deceased's foot, laid the gun down near the body, and otherwise arranged the body to try to make it appear that deceased had committed suicide. When defendant was returned by the officers from Arkansas, he took them to the place of the killing, and there re-enacted the events of the killing. Photographs were made as the scenes were re-enacted and were introduced in evidence by the state.

The defendant wrote a letter to his sister on February 3, 1928, which reads as follows:

"Will answer your letter received yesterday sure was glad to hear from you sis i am charged with killing sherman thompson and i am guilty and their isent anything that you all can do for me only send me some money that is all you can do for me at present so good by and stay at home and dont worry about me. * * * "

Defendant voluntarily told numerous persons on several occasions that he had committed the murder, but at the time of trial repudiated his written confession and the letter he had written to his sister, and claimed that the confession obtained in Arkansas was an involuntary one, and that the confession was inadmissible in evidence for that reason.

The defendant first contends that the state failed to prove the corpus delicti. The first witness called by the state was Pleas Henshaw, who testified in substance that the deceased went to Pierce with him in the afternoon; that he returned with him, borrowed an axe, took his groceries, and went home, and that that was the last time he saw him alive; that he saw his body later at the Etchison home; that he had been shot by some person; and that he was dead. Henshaw's evidence is corroborated by several other witnesses who knew the deceased in his lifetime, who saw his body and the gunshot wound in the body, and testified that the dead person they saw at the John Etchison home was Sherman Thompson—whose life the state alleged had been taken by the defendant, in the case at bar. This evidence was sufficient to establish the corpus delicti. Brown v. State, 9 Okla. Cr. 382, 132 Pac. 359; Hildebrandt v. State, 19 Okla. Cr. 30, 197 Pac. 852.

The defendant next contends that the confession obtained from him in the jail at Harrison, Ark., was not a voluntary confession, that it was obtained by coercion, and for that reason was inadmissible as evidence. The trial court first heard the evidence of the defendant and the state as to how the confession was obtained, and decided as a matter of law that it should go to the jury.

In Mays v. State, 19 Okla. Cr. 102, 197 Pac. 1064, 1065, in paragraph 5 of the syllabus, this court said:

"Where the competency of a confession is challenged on the ground, that, if made, it was not voluntary, its admissibility is primarily a question for the court. In the absence of the jury, the court should hear the evidence offered respecting the facts and circumstances attending such alleged confession, and the burden is on the defendant to show that it was procured by such means or under such circumstances as to render it inadmissible, unless the evidence on the part of the state tends to show that fact. If it is held competent, and proof of the same admissible, the defendant is entitled to have the evidence in regard to the facts and circumstances under which it was made. given anew to the jury, not that the jury may pass upon its competency or admissibility, but for the purpose of enabling them to judge what weight and value should be given to it as evidence, and the jury may disregard it if they are not satisfied that it was voluntarily made." Tarkington v. State, 41 Okla. Cr. 423, 273 Pac. 1015.

The court having determined as a matter of law that the confession was admissible as evidence, it then permitted the defendant to offer evidence to the jury of the time, place, and manner in which the confession was obtained, and by proper instructions submitted the question whether the confession was voluntary or involuntary, to be found by the jury as a fact. The proper procedure is for the court to hear the evidence in the first instance and determine the admissibility of the confession as a matter of law; then the jury should be permitted by the court to hear the evidence in the trial of the case, and should be instructed by the court that, if they found from the evidence that the confession was a voluntary one, then they might consider it together with all the other evidence in the case in determining the guilt or innocence of the defendant. Holmes v. State, 6 Okla. Cr. 541, 119 Pac. 430, 120 Pac. 300; Smallwood v. State, 14 Okla. Cr. 125, 167 Pac. 1154; Doublehead v. State, 27 Okla. Cr. 375, 228 Pac. 170; Cooper v. State, 31 Okla. Cr. 165, 237 Pac. 865.

Prima facie any confession is admissible in evidence, and, where its admissibility is challenged by the defendant, the burden is upon him to show that it was procured by such means or under such circumstances as to render it inadmissible, unless the evidence on the part of the state tends to show that fact. Berry v. State, 4 Okla. Cr. 202, 111 Pac. 676, 31 L. R. A. (N.S.) 849; Guthery v. State, 24 Okla. Cr. 183, 216 Pac. 948.

The court having found in the first instance that the confession was admissible as a matter of law, and having permitted the evidence concerning the making of the confession, with proper instructions, to go to the jury, the verdict of the jury is conclusive against the defendant on the issue.

In the case of Mays v. State, supra, this court said:

"In a trial for murder, held, on the evidence that whether the alleged confessions of the defendant were voluntary was for the jury. Held, further, that where the voluntary nature of the confessions was submitted to the jury under proper instructions, a verdict against the defendant is conclusive on the issue."

Finally, the defendant contends that the evidence is insufficient to support the verdict of the jury. The rule of this court repeatedly stated is: This court will not weigh the evidence, nor pass upon the credibility of the witnesses. In considering the sufficiency of the evidence, the function of this court is limited to ascertaining whether there is a basis in the evidence on which the jury could reasonably conclude that accused is guilty as charged. Dixon v. State, 46 Okla. Cr. 25, 288 Pac. 357.

The evidence of the state established the fact that a foul murder had been committed, that the motive for the commission of this offense was the collection of the in-

surance on the life of the deceased that the defendant might profit thereby by marrying his widow, and that the defendant was guilty of this murder beyond a reasonable doubt.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.