## OLDSTEIN v. UNITED STATES.
### No. 1682.

Circuit Court of Appeals, Tenth Circuit.

Oct. 14, 1938.

Frank Leslie, of Tulsa, Okl., for appellant.

Joe W. Howard, Asst. U. S. Atty., of Tulsa, Okl. (Whit Y. Mauzy, U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

Oldstein has appealed from a judgment of conviction on an indictment which charged that on or about November 5, 1937, he transported Shirley Ferris from Phoenix, Arizona, to Tulsa, Oklahoma, by means of an automobile, with the intent and purpose to induce, entice, and persuade her to engage in prostitution, debauchery, and immoral practices.

The sole question presented is the sufficiency of the evidence to sustain the verdict of guilty which the defendant properly chal-lenged below by a motion for a directed verdict of not guilty.

The government introduced evidence of a confession made by the defendant to two Federal Bureau of Investigation Agents and a Tulsa police officer in November, 1937, in which the defendant stated in substance that he was married to Shirley Ferris at Tulsa, Oklahoma, on December 10, 1936; that they had recently traveled from Phoenix, Arizona, to Tulsa, Oklahoma, in a 1937 Hudson Terraplane automobile, which they had purchased at Ely, Nevada, and that he had transported Shirley Ferris from Phoenix to Tulsa for immoral purposes.

In corroboration of this extrajudicial confession, the government offered substantial evidence of the following facts:

In 1936, Shirley Ferris was working in a café and Oldstein at a pawnshop in Oklahoma City. Oldstein induced her to quit her employment and engage in prostitution. They occupied adjoining rooms at a hotel in Oklahoma City with a communicating door which was never locked. Oldstein arranged with a porter at the hotel to secure "dates" with men for Shirley Ferris.

Shirley Ferris engaged in prostitution at Oklahoma City and Tulsa in the fall and winter of 1936 and the spring of 1937. Oldstein and Shirley Ferris lived at a hotel in Tulsa in November and December, 1936, which a police officer testified was a house of prostitution. On April 20, 1937, Oldstein and Shirley Ferris registered at a tourist camp in Phoenix, Arizona, as Max Oldstein and Shirley Oldstein. They were traveling in a Plymouth automobile. They traded the Plymouth automobile for a Hudson Terraplane automobile at Ely, Nevada. They registered again at the Phoenix tourist camp on September 19, 1937. They were then traveling in a Hudson automobile, 1937 license number 18–922. After Oldstein's arrest in November, 1937, a federal agent found a 1937 model Hudson Terraplane with a 1937 Nevada license number 18–922 thereon, in the possession of his attorney at Tulsa, Oklahoma. Shirley Ferris was at the Atlas Hotel in Tulsa on November 15, 1937. Oldstein was found in Tulsa in November, 1937.

Oldstein in his testimony admitted he traveled from Phoenix to Tulsa in the Hudson automobile in October, 1937, but denied Shirley Ferris accompanied him.

An extrajudicial confession will not alone support a judgment of conviction. It

must be corroborated by independent proof of the corpus delicti. The proof aliunde need not be strong enough of itself to establish the corpus delicti. It is sufficient if that proof and the confession, taken together, will warrant the jury in finding the defendant's guilt beyond a reasonable doubt.[1]

 Here there was evidence extrinsic of the confession that Shirley Ferris was a prostitute; that she was married to Oldstein; that he lived at the hotels where she practiced prostitution; that he had hotel porters solicit business for her; that they traveled together from place to place by automobile; that they were traveling together in September, 1937, in a Hudson automobile and stopped at Phoenix, Arizona; that shortly thereafter they were both in Tulsa, Oklahoma, and the automobile in which they had left Phoenix was found in Tulsa. This constituted independent evidence of the corpus delicti, strongly corroborated the confession, and taken with the confession was sufficient to sustain the verdict of guilty.

The judgment is affirmed.

[1] Daeche v. United States, 2 Cir., 250 F. 566, 571; Forte v. United States, 68 App.D.C. 111, 94 F.2d 236, 237–243; Mangum v. United States, 9 Cir., 289 F. 213, 216; Pearlman v. United States, 9 Cir., 10 F.2d 460, 462; Flower v. United States, 5 Cir., 116 F. 241, 247; Jordan v. United States, 4 Cir., 60 F.2d 4, 5.