## ELIJAH ROBINSON v. STATE.

No. A-9739.    Dec. 11, 1940.
(108 P. 2d 196.)

J. Q. A. Harrod and Laynie W. Harrod, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DOYLE, P. J. The information in this case charged that in Oklahoma county, on the 10th day of February, 1939, Elijah Robinson did then and there have in his possession "One (1) quart of Non Tax Paid Whisky," with the unlawful intent to sell the same.

When the case came on for trial, it was stipulated and agreed to try the case before the court without a jury.

The state called two witnesses: Ross Pierce, deputy sheriff, testified that on the date alleged:

"I went to 319 N. E. Second street and found this one-half gallon jar with the whisky in it, and a little whisky glass beside it on the shelf full of whisky. There was several empty half gallon jars, two or three of them smelled whisky. There was a girl who worked for him behind the counter, and several men sitting at a table; I had a conversation with the defendant. He told me that he just could not make a living selling nickel hamburgers and that he was selling a little whisky to help make his living."

This testimony was admitted against the defendant's objection that the officers had no valid search warrant to search the premises.

On cross-examination he stated the half gallon jar was about half full. He identified the jar, saying it is in the same condition now as it was when he found it. "I had never before been inside that little partition, I had been in the other part."

Clint Johnson, deputy sheriff, testified:

"I had occasion to go to 319 N. E. Second, saw the defendant there, we found half gallon fruit jar, about half full of corn whisky, there were several other fruit jars scattered around there; I smelled of one or two of them, I think they had contained whisky; we found a glass that was full of whisky. The defendant told us either there or on the way in that he was not making quite enough money at the hamburger business, and that he was selling a little whisky to make up the difference."

It was stipulated that the testimony offered by the defendant on his motion to suppress the evidence be considered as his defense in this case.

The record shows the following stipulation:

"On August 30, 1939, the court reporter in the presence of the bailiff of said court, poured from the fruit jar into a milk bottle purporting to be a quart bottle labeled 'Steffens,' the contents of said fruit jar marked State's Exhibit 1, and discovered that the contents of said exhibit

lacked about two inches of filling the neck of said milk bottle; and for further test found that said contents filled one pint bottle and about two-thirds of another pint bottle."

It will be observed that the quantity alleged is not in excess of one quart.

The defendant again at the close of all the testimony renewed his motion to suppress the evidence and strike from the record all of the testimony of the officers Pierce and Johnson, for the reason that the same was obtained in violation of law and in violation of his constitutional rights, and now moves the court to enter judgment discharging the defendant. Which were overruled. Exceptions allowed:

"The Court: Let the defendant be found guilty as charged in the information and case continued to May 28, 1939, for sentence."

Motion for new trial was duly filed, presented and overruled on May 29, 1939, thereupon the judgment was pronounced and entered.

To reverse the judgment defendant assigns as error the overruling of his motion to suppress evidence; the overruling of his motions for a directed judgment at the close of the state's evidence, and at the close of all the evidence, and that the finding and judgment of the trial court is contrary to both the law and the evidence.

When the case was called for trial defendant interposed motion to suppress the evidence because the same was obtained by an unlawful search of his place without a valid search warrant in violation of his constitutional rights.

The motion challenged the sufficiency of the affidavit for the search warrant and the warrant issued thereon,

because the person named is "John Doe", and the premises described as "The lower floor of a two-story brick building located at 319 N. E. 2nd Street, in Oklahoma City, County and State."

The undisputed facts in evidence on the motion to suppress are that there is a two-story brick building 60 feet wide, facing south in the 300 block N. E. Second street; that the ground floor on the east side is occupied by a pool hall and defendant's place on the west side is about ten or twelve feet wide; that the liquor in question was found in defendant's place.

On cross-examination defendant testified that his place was a hamburger stand with a 12-inch board 12 feet long for a counter; that he had the whisky the officers found in the fruit jar for his own personal use, and was going to take it home, and did not intend to sell it; that he never did sell whisky.

In every criminal prosecution, it devolves upon the state to prove, first, the corpus delicti; second, that the crime charged was committed by the accused. This court will not ordinarily disturb the decision of a trial judge in overruling a demurrer to the evidence, or in denying a motion for a new trial, based upon the insufficiency of the evidence to support the finding of the trial court where a jury has been waived; and it will not do so where the record discloses evidence showing the commission of the offense charged, and from which guilt of the defendant can be fairly inferred; but it will interfere where it clearly appears that the findings of fact and the decision of the trial court have no substantial support, or are clearly without support in the evidence.

That a crime has actually been committed must necessarily be the foundation of every criminal prosecution, and this must be proved by other testimony than a confession;

the confession being admitted merely for the purpose of connecting the accused with the offense charged.

After a careful consideration of this case our conclusion is that as a matter of law the evidence was not sufficient to sustain the finding and judgment of the trial court.

The mere possession of intoxicating liquor, without an intent to convey, sell, or otherwise dispose of such liquor, is not a crime. Williams v. State, 34 Okla. Cr. 1, 244 P. 202.

To justify or sustain a conviction for unlawful possession of intoxicating liquor, there must be evidence sufficient to prove possession with intent to violate provisions of the prohibitory law. Eastridge v. State, 57 Okla. Cr. 323, 48 P. 2d 869.

The intent is the gist of the offense of unlawful possession of intoxicating liquor, and cannot be presumed where the amount is not in excess of one quart, but must be shown by competent evidence and beyond a reasonable doubt to exist.

The statute, chapter 153, sec. 3, p. 339, Session Laws 1933, 37 Okla. St. Ann. § 82, provides that the keeping in excess of one quart of any spirituous, vinous, fermented or malt liquors "shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors."

The phrase "prima facie evidence," as used in the statute, is such evidence as, in the judgment of the law, is sufficient to establish the unlawful intent, unless rebutted or the contrary proved.

Extrajudicial confessions of guilt, without proof of the corpus delicti, are insufficient to justify a conviction.

In 22 C. J. S., Criminal Law, § 839, it is said:

"It is the general rule both under statutes and at common law that an extrajudicial confession does not warrant a conviction unless it is corroborated by independent evidence of the corpus delicti." Citing the following Oklahoma cases: Gorum v. State, 60 Okla. Cr. 248, 63 P. 2d 765; Lake v. State, 59 Okla. Cr. 280, 57 P. 2d 199; Young v. State, 56 Okla. Cr. 375, 40 P. 2d 686; Bridwell v. State, 52 Okla. Cr. 353, 5 P. 2d 403; Edwards v. State, 46 Okla. Cr. 77, 288 P. 359; Blakemore v. State, 39 Okla. Cr. 355, 265 P. 152; Cherry v. State, 33 Okla. Cr. 37, 241 P. 833; Key v. State, 26 Okla. Cr. 55, 221 P. 1048; Mays v. State, 19 Okla. Cr. 102, 197 P. 1064; Henry v. State 14 Okla. Cr. 189, 169 P. 658; Shires v. State, 2 Okla. Cr. 89, 99 P. 1100. And see Choate v. State, 12 Okla. Cr. 560, 160 P. 34, L. R. A. 1917A , 1287.

Corpus delicti is defined as the substantial and fundamental fact or facts necessary to the commission of a crime, and means when applied to any particular offense, the actual commission by some one of particular offense charged. Gorum v. State, supra.

In Forte v. United States, 68 App. D. C. 111, 94 F. 2d 236, 241, 127 A. L. R. 1120, a well-considered case, it is said:

"It must be conceded that there has been a very general concordance of judicial opinion in the United States that some sort of corroboration of a confession is necessary to conviction, and this concordance has extended to federal courts as well as elsewhere."

The United States Court of Appeals, D. C., holding:

"Corroboration of a confession in a criminal case is not sufficient if it tends merely to support confession without also embracing substantial evidence of the corpus delicti and the whole thereof, but it need not, independent of the confession, establish the corpus delicti beyond a reasonable doubt, if evidence and confession together are

convincing beyond a reasonable doubt of the commission of the crime and defendant's connection therewith."

The specific intent to sell is an essential element of the offense charged and the only independent evidence offered by the state tending to show the unlawful intent was the testimony of the officers as to an extrajudicial confession made by the defendant following his arrest. There was no other evidence, either positive or presumptive, of the defendant's intent to violate any of the provisions of the prohibitory law.

After a careful examination of the record, it is the opinion of the court that the proof of the corpus delicti in this case does not meet the requirements of law as established by the foregoing authorities. The judgment of the lower court herein is accordingly reversed and the case remanded with direction to dismiss.

JONES, J., concurs. BAREFOOT, J., dissents.