Sprouse Jefferson BILLEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13318.

Court of Criminal Appeals of Oklahoma.

April 17, 1963.

Robert H. Macy, Ada, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Jack A. Swidensky, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Sprouse Jefferson Billey, hereinafter referred to as the defendant, was charged by Information in the District Court of Garvin County with the crime of Grand Larceny from the Person in the Nighttime. He was tried by a jury, found guilty, and sentenced to One Year in the Oklahoma State Penitentiary.

His appeal was lodged in this Court in the time prescribed by law, asserting nine contentions of error, only one of which is urged in his brief, which is:

"The trial court erred in overruling Plaintiff in Error's Demurrer to the Evidence presented in behalf of the State of Oklahoma."

The facts of the case, are briefly, as follows:

Sam Colbert, a resident of Garvin County, received a check from the Farmers Livestock Exchange Sale in the amount of $234.37 for a transaction concerning sale of cattle on August 17, 1962. Mrs. Hall, who along with her husband, operates the Exchange testified Mr. Colbert was so drunk that he came back a second time and offered to pay for the cattle that he had bought and demanded his check, which he had actually received earlier in the day. She testified she folded the check and put it in his shirt pocket at that time. He was later arrested at Maysville for being drunk, and the deputy from Pauls Valley went to Maysville and returned him to the jail at Pauls Valley. He testified Colbert was very drunk, but conscious at the time. The next morning, Colbert reported the check missing and the other boys in the cell with him were told that if the check were returned that morning, none of them would get in trouble. The defendant was one of these in the same cell.

Mr. Hall testified that on Saturday, August 18th, 1962, he was notified to stop payment on the check by the Sheriff of Garvin County, that on the 20th, a woman identified only as Billingsley brought the check to him and asked if he would cash it, at which time he retained the check; that on the 21st the same woman came back and he obtained a note from her allegedly from Sam Colbert authorizing payment of the check, which he also retained.

The testimony of Sam Colbert coincided with that of the Hall's regarding the cattle and the check. He testified further that he was drunk at the time that he left the sale, and that he did not remember driving to Maysville, where he was arrested and put in jail; or being returned from said jail to Pauls Valley. He testified further that he did not recall anything that happened from the time he left the sale until he woke up in jail the next morning at approximately 7 A.M.

The only other testimony of any importance was that of Sheriff Tom Abney, regarding an alleged statement by defendant approximately one month after the alleged crime was committed. Abney testified that he told defendant that the reason he was in trouble was because he did not send the check down from the jail when they had requested it, and that defendant replied, *"I wish I had of."*

After the presentation of the above described testimony, the State rested its case, and counsel for defendant entered a Demurrer to the Evidence, and was overruled. Defense Counsel elected to stand on the Demurrer, and after the trial court's Instructions, the case was presented to the jury, which returned a verdict of Guilty, with a recommendation for a suspended sentence, which the defendant was not eligible for.

There are several interesting features in this case, the first being that the prosecuting witness was admittedly so drunk that he couldn't remember anything regarding his activities for a period of *14 hours* from 5 p. m. August 17th to 7 a. m. August 18th.

The only testimony to the effect that the check may have been stolen from him, was from Colbert himself, who admitted he wasn't too sure of it.

The record reveals Colbert did many things during that period of time that he could not remember—trying to collect twice for his cattle; driving to Maysville; being arrested; jailed and transported back to Pauls Valley to jail. Also, in the evidence introduced by the State, it tended to show that Colbert may have lost the check during his night in jail while playing cards with the other boys in the cell.

Inasmuch as the prosecuting witness himself, could not remember what happened to the check, it is inconceivable to this Court that this particular charge could have been filed against defendant, as it plainly states the elements of the offense in the Information; and Complaint filed in the casemade:

"* * * That Sprouse Jefferson Billey whose more full and correct name is to complaintant unknown, on or about the 20th day of August, 1962, in the county of Garvin, in the State of Oklahoma then and there being, did then and there unlawfully, willfully, wrongfully and feloniously, *by stealth and fraud, take, steal and carry away, in the night time of said day, without the knowledge or consent and against the will of one Sam Colbert, and from the person of the said Sam Colbert,* A certain instrument to-wit: Check No. 6547 written by one Vivian Hall on the checking account of the Farmers Livestock Exchange Sale, made payable to the said Sam Colbert in the amount of $234.37, same being the personal property of the said Sam Colbert, *with the unlawful, fraudulent and felonious intent* then and there on the part of him * * *."

The State failed to show that the check was taken from Mr. Colbert by the defendant, or anyone else. During his state of intoxication, he could not say whether the check was given away, lost, or gambled away in a card game with the other inmates, or that the actual commission of a crime occurred.

In the case of Robinson v. State, 71 Okl.Cr. 75, 108 P.2d 196, corpus delicti is defined as follows:

"Corpus delicti is defined, as the substantial and fundamental fact or facts necessary to the commission of a crime, and means when applied to any particular offense; the actual commission by some one of the particular offense charged."

In every criminal prosecution, the burden rests upon the state of proving the corpus delicti beyond a reasonable doubt, and that a crime has actually been committed must necessarily be the foundation of every criminal prosecution; and this must be proven by testimony other than a spontaneous statement of an extra-judicial nature, alleged to be a confession; the confession being admitted merely for the purpose of connecting the accused with the offense charged. See Winter v. State, Okl. Cr., 368 P.2d 514; Boggess v. State, 46 Okl.Cr. 283, 287 P. 764.

Extra-judicial confession does not warrant a conviction unless it is corroborated by independent evidence, either direct or circumstantial. In the case at bar, the record is completely void of any such evidence. At best, the statement could only be purported to be a mere suspicion that he had knowledge of the check, not of the taking, possession or intent.

In the Winter case, supra, this Court said:

"Where the evidence raises a mere suspicion, or admitting all that it tends to prove, the defendant's guilt is left doubtful or dependent upon mere supposition, surmise, or conjecture, the court should sustain a demurrer to the evidence."

There can be no question but that the evidence in this case was insufficient, and while it is a well settled rule that this Court will not reverse a conviction for

insufficiency of the evidence, if there is any substantial evidence, although circumstantial, from which a reasonable and logical inference of guilt arises, the converse is also well established that it is not only the province but the duty of the Court to set aside such a verdict when it is contrary to law and the evidence, or where there is no evidence to support it, or there is a failure to prove some essential matter to establish the offense charged.

Therefore, the judgment and sentence of the trial court is hereby set aside and the case Reversed and Remanded. If additional evidence can be obtained in accordance with this decision, the case should be re-tried. However, if no other evidence is available, the charge should be dismissed.

BUSSEY, P. J., and JOHNSON, J., concur.