W. A. JONES, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13571.

Court of Criminal Appeals of Oklahoma.

May 26, 1965.

Robert H. Macy, Ada, for plaintiff in error.

NIX, Judge.

Plaintiff in Error, W. A. Jones, Jr., hereinafter referred to as the defendant, was charged by information in the District Court of Pontotoc County with the crime of Receiving Stolen Property. He was tried by a jury, found guilty, and sentenced to pay a fine of $175.00. From that judgment and sentence he has filed his appeal

in this Court, alleging one proposition of error—that the trial court erred in overruling the demurrer to the evidence offered in behalf of Plaintiff in Error at the close of the state's evidence.

In the evidence presented by the state, the County Attorney called eight witnesses to testify. This Court has carefully examined all of this testimony, and can find no evidence whatsoever as to the time, the place, or the circumstances under which defendant came into possession of the stolen property, to wit: a chain saw. Two of the witnesses testified that the defendant had been in possession of the saw at one time, but didn't know any of the circumstances as above set out. The testimony of the other six was not related to defendant in any way.

In the case of Winter v. State, Okl.Cr., 368 P.2d 514, this Court said:

"Where the evidence raises a mere suspicion, or admitting all that it tends to prove, the defendant's guilt is left doubtful or dependent upon mere supposition, surmise, or conjecture, the court should sustain a demurrer to the evidence."

In the case at bar, the evidence does no more than create a suspicion of guilt, based primarily on circumstantial evidence of the weakest character. This Court has repeatedly held it will not weigh the evidence and disturb a verdict if there is any evidence in the record to support it. The record in this case does not present such a situation. It is entirely inadequate and insufficient to support the conviction.

This Court held in the recent case of Billey v. State, Okl.Cr., 381 P.2d 160:

"While it is a well settled rule that this Court will not reverse a conviction for insufficiency of the evidence, if there is any substantial evidence, although circumstantial, from which a reasonable and logical inference of guilt arises; the converse is also well established that it is not only the province but the duty of the Court to set aside such a verdict when it is contrary to law and the evidence, or where there is no evidence to support it, or there is a failure to prove some essential matter to establish the offense charged."

The Attorney General's office announced in open court that they would not brief this case, which is in itself an admission of error.

Therefore, the judgment and sentence of the trial court is hereby set aside and the case reversed, with instructions to dismiss the charges if no additional evidence is available.

BUSSEY, P. J., and BRETT, J., concur.