**James Floyd BATES, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A-15505.**

Court of Criminal Appeals of Oklahoma.

April 7, 1971.

Raymond Burger and Charles Reed, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., John C. Howard, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, James Floyd Bates, hereinafter referred to as defendant, was

convicted by jury verdict in the District Court of Oklahoma County, Case No. 34,-690, with the crime of Attempted Robbery with Firearms, and sentenced to Twenty Years imprisonment. Judgment and sentence was imposed on March 7, 1969, and this appeal perfected therefrom.

Briefly noted, the evidence established that on July 3, 1968, Vera Priebe parked her car in front on an Oklahoma City drug store about 12:40 P. M. She entered the store, made a purchase, and was preparing to enter her car when the defendant appeared in front of her. Defendant told her to get into the car and she refused. He then produced a gun whereupon she screamed and ran back into the store for help. Defendant ran but was chased by a bystander. Defendant dropped the gun, stopped and laid down on the ground when told to do so by the bystander to await the police.

Defendant testified in his own behalf as did two psychiatrists concerning his mental capacity. The defense was one of insanity. Defendant, age 27, father of two children, was divorced and unemployed. He had previously undergone psychiatric treatment, and was diagnosed as psychotic with a sociopathic personality. Defendant had no prior conviction.

■ On appeal defendant first contends that the appearance and participation of an additional assistant district attorney during the trial, without initially advising the court and jury, denied defendant an opportunity to adequately voir dire the jury with respect to that person. Defendant's point is well taken and if there were any showing of prejudice resulting, reversal might be required. However, as there is no showing of injury from this improper procedure, reversal is not necessary.

■ It is defendant's further contention that the prosecution's closing argument was inflammatory and assumed facts not in evidence. The remarks cited as improper concerned defendant's adoptive parents' feelings that he was lazy, shiftless, and unappreciative. There were no facts in evidence to this effect. Among other questionable remarks, we note the following:

"You know, sometimes we down in the District Attorney's office would like to take all of these psychiatrists and throw them out in the river someplace.

\* \* \* \* \* \*

We feel in the District Attorney's office that the rights of society and the rights of Mrs. Priebe and the rights of all of you are far superior to his [defendant] rights, far superior, and in that the only answer to the rights of society in this case is to send the defendant to the penitentiary."

It is a familiar rule of this Court as stated in Boyd v. State, Okl.Cr., 478 P.2d 980 (1970):

"Although the right of argument contemplates a liberal freedom of speech and range of discussion, it is improper for counsel in closing argument to mislead the jury or inject matters not supported by the evidence; and such improper argument will support modification of the sentence where evidence of guilt is clear and convincing."

■ In considering the evidence, we are of the opinion that the facts do not establish an attempted robbery beyond a reasonable doubt. The impression may have been that robbery was the objective, but a conclusion that there was an attempt to take personal property from the victim can only be reached by presumption or strong suspicion. Rather, the evidence establishes an assault with a dangerous weapon. 21 O.S.1961, §§ 645, 681.

It is, therefore, necessary to reduce the conviction from attempted robbery with firearms to assault with a dangerous weapon, and modify the sentence from Twenty (20) Years to Five (5) Years.

The District Court is directed to correct the judgment and sentence to reflect the modification herein and as so modified, the

judgment and sentence is affirmed. Modified and affirmed.

BRETT, J., concurs.

BUSSEY, P. J., dissents.