**William Denton JONES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–399.**

Court of Criminal Appeals of Oklahoma.

Sept. 30, 1976.

---

Ronald H. Mook, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Toby Mash, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge.

Appellant, William Denton Jones, hereinafter referred to as defendant, was charged in the District Court, Tulsa County, Case No. CRF–75–2157, for the offense of Assault with Intent to Commit a Felony; to-wit, Kidnapping, in violation of 21 O.S.1971, § 681. He was tried by a jury and convicted of the aforementioned crime. His punishment was fixed at four (4) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

The State's first witness, Lillian McAnelly, testified to being at a car wash in Broken Arrow, Oklahoma, on the evening of September 15, 1975. As she was preparing to leave, another car pulled up on the opposite side of the sweepers, and a man, later identified as the defendant, got out and asked the witness about the sweepers. As she turned to shut her car door, the man grabbed her from behind; they struggled for a brief period of time, during which the assailant said: "I don't want to have to hurt you." The witness broke free, ran to her auto, and looked back at the defendant, who was not pursuing her. She then drove to the police station, noting the tag number of the defendant's vehicle, and reported the incident to Sergeant Duke. On cross-examination it was noted that the assailant made no attempt to drag the victim, nor pick her up, neither was there further conversation between them. Re-direct examination presented the fact that the witness had relayed a description of the assailant to Sergeant Duke at the Police Station. Sergeant Duke was radio dispatcher at the Broken Arrow Police Department.

The State's second witness, Broken Arrow Police Officer, Terry Payne, testified to being the arresting officer. He received the description of the suspect over his vehicle radio, and assisted in stopping the described vehicle. After ascertaining the driver was not the suspect, but had loaned his car to the defendant, this witness proceeded to the address given and placed the defendant under arrest, advising the defendant of his rights at that time. This witness testified that the defendant admitted the assault described by the State's first witness.

The State's third witness, Broken Arrow Police Officer, Ronald Dean Stice, testified to receiving the defendant at police headquarters as a suspect in the assault, and to conversing with Officer Payne as to the reason for the arrest. This witness took the signed statement from the defendant, wherein he admitted the assault described above. As Officer Stice was returning the defendant to his cell, he testified the defendant made a statement as follows:

" 'Well, I've told you this much. I might as well tell you the rest.'

"And he told me that he had planned on pulling Mrs. McAnelly into the car, taking her out on a country road and raping her at that time." (Tr. 272)

After which the State rested.

The defendant took the stand and testified in his own behalf that he had borrowed the car from a friend, and went to the car wash to wash the car prior to returning it. The defendant indicated he tripped on some object, and as he was falling, grabbed the complainant to keep from hitting the ground. He testified that after

he regained his balance he released the victim. Further testimony indicated that he was wearing a temporary prosthesis[1] at the time of the incident and had been experiencing difficulty in walking with it.

The defendant's second witness, Paula Jean Stark, testified to loaning the defendant a dirty car and then receiving it in a clean condition on that date.

The defendant's third witness, William R. Edmison, testified as to the difficulties encountered in the use of prosthetic devices, and the period of time required to adopt oneself to the use thereof. At this time, the defense rested.

■ The defendant's first assignment of error alleges that the police officer made a warrantless arrest for a misdemeanor, lacking probable cause to believe any felony had been committed. We find this contention to be without merit. *Booze v. State,* Okl.Cr., 390 P.2d 261 (1964) quoting *Darks v. State,* Okl.Cr., 273 P.2d 880 (1954), sets out the applicable Oklahoma ruling in this area:

"'If a . . . peace officer arrest a person without a warrant, he is not bound to show in his justification a felony actually committed, to render the arrest lawful, but if he suspects one on his own knowledge of facts; or upon facts communicated to him by others, and thereupon he has reasonable ground to believe that the accused has been guilty of felony, the arrest is not unlawful. . . .'"

The facts in this case reveal the arresting officer knew an injured woman had entered the police station complaining of assault, relating words spoken by the assailant to the effect "I don't want to have to hurt you." An experienced police officer, aware of an evident evening attack on a lone woman with injury producing force, would be justified in believing some felony was intended beyond a simple battery.

Therefore basing our decision on the totality of the circumstances, we cannot say the arresting officer did not have reasonable grounds to believe a felony had been committed. The complaining witness gave the headquarters officer the tag number of suspect's vehicle and a description of the assailant, so at the time the arresting officer found the defendant, he had reasonable grounds to believe that the defendant had been the perpetrator, and properly placed him under arrest.

The defendant's second assignment of error is the one with which we must deal at some length and upon which our decision and judgments here turns. Therefore, we will dispose of the third, fourth, and fifth assignments of error prior to our discussion of the second assignment.

The defendant's third assignment of error alleges his motion for mistrial was improperly overruled after finding a juror had been commissioned a Tulsa Civil Defense Auxiliary Police Officer, such finding being subsequent to the defendant's exercise of all his peremptory challenges. Defendant alleges he was denied his right to intelligently exercise his peremptory challenges, and that the effect was to deny the defendant his constitutional right to a fair trial and impartial jury.

■ Under the circumstances herein, we do not agree that this complaint is sufficient to reverse this conviction. The holder of a Civil Defense Auxiliary Police Commission is not within the intent of the provisions of 38 O.S.Supp.1973, § 28. During the voir dire of the jury Mr. Bell consistently testified that he would follow the testimony and render his verdict according to the testimony heard from the witness stand. In the special inquiry made outside the hearing of the other jurors this juror continued to maintain his willingness to listen to the testimony and to follow the court's instructions. In short, there is nothing in this record to reflect that the juror's decision would be affected by his auxiliary police training. The major difference between the instant case and deci-

1. Artificial Leg.

sion in *Manuel v. State,* Okl.Cr., 541 P.2d 233 (1975), cited in defendant's brief, is the *Manuel* was a capital case, whereas the instant case is not of such severity. The record also reflects that the trial judge exercised his discretion and after considering all the circumstances ruled that the juror would not be disqualified for cause. Therefore, after considering all the circumstances and the record before this Court we conclude that the trial court properly denied defendant's motion for mistrial.

The defendant's fourth assignment of error alleges his motion for mistrial was improperly overruled, complaining that the State's evidence failed to prove an essential element; to-wit, intent to kidnap.

Were we to deal extensively with this allegation, the reasoning behind and the result of our findings would be the same as will be dealt with in the second assignment or error. Therefore the defendant's fourth assignment of error merits no further consideration.

■ The defendant's fifth assignment of error alleges the defendant's motion for mistrial based on improper comments made by the District Attorney during the course of the trial were improperly overruled. It is our opinion that the defendant's counsel draws too harsh a conclusion by what we consider an inadvertent, albeit unfortunate, reference to the defendant as "[T]his man over here that hobbled in to the courtroom in the blue shirt here." (Tr. 17) Further, the court instructed the term "hobbled" be stricken; any further reference to the term was the defendants, and we would not consider such later emphasis to be reversible error.

■ As to further allegedly prejudicial comments by the District Attorney, both during the trial and at its closing argument, if we were to take defendant's contention as true, we would not overturn the jury finding of guilt. We noted in *Sizemore v. State,* Okl.Cr., 507 P.2d 1330 (1973) that we will not set aside the conviction unless argument by State's counsel is "grossly improper and clearly prejudicial." Therefore, finding State's counsel's comments lacking these extremes, we would limit ourselves to a modification of sentence as noted in *Bates v. State,* Okl. Cr., 483 P.2d 1384 (1971), such remedy being dealt with in our treatment of defendant's second assignment or error.

■ The defendant alleged in that second assignment of error, that the State failed to prove an element of the crime, specific intent to kidnap, before the admission of the confession into evidence. In dealing with this contention, our research has yielded separate lines of Oklahoma authority, both having their primary origin in the case of *Robinson v. State,* 71 Okl.Cr. 75, 108 P.2d 196 (1940).

In that case, dicta indicated the only purpose for introduction of a confession was to link the defendant with the crime charged, the corpus delicti necessarily being established by independant evidence. The Court cited *Forte v. United States,* 68 App.D.C. 111, 94 F.2d 236 (1937) with approval, said case indicating that corroboration of a confession necessary prior to admission of the confession need not establish the existence of corpus delicti beyond a reasonable doubt, "[If the] evidence and the confession together are convincing beyond a reasonable doubt of the commission of the crime and defendant's connection therewith."

Using the dicta from *Robinson v. State,* supra, as a foundation, a concurring opinion (on rehearing) in *Brown v. State,* 81 Okl.Cr. 303, 166 P.2d 1021 (1946) cited *Robinson v. State,* supra, as authority for the proposition that a confession is admissible only for the purpose of connecting the defendant with the crime charged.

In *Winter v. State,* Okl.Cr., 368 P.2d 514 (1962), this Court cited the concurring opinion in *Brown v. State,* supra, and stated in syllabus 3:

"[I]n every criminal prosecution, the state must prove the corpus delicti beyond a reasonable doubt and an extraju-

dicial confession does not warrant a conviction unless it is corroborated by independent evidence, either direct or circumstantial, of the corpus delicti."

Next, in *Billey v. State*, Okl.Cr., 381 P. 2d 160 (1963) citing *Winter v. State*, supra, and indicating in its syllabus 2:

"[B]urden rests upon the state of proving the corpus delicti beyond a reasonable doubt, . . . and this must be proven by testimony other than a spontaneous statement of an extra-judicial nature, alleged to be a confession; the confession being admitted merely for the purpose of connecting the accused with the offense charged."

Finally in *Hall v. State*, Okl.Cr., 538 P. 2d 1113 (1975) we state the so-called "general rule":

"[I]n every criminal prosecution the burden rests on the State to prove the corpus delicti beyond a reasonable doubt. This must be proven by evidence other than a confession, the confession being admissible merely for the purpose of connecting the accused with the offense charged."

The other line of authority, and we believe the correct one, cites *Robinson v. State*, supra, but follows the rule therein taken from *Forte v. United States*, supra. This authority is followed in *Raybourn v. State*, Okl.Cr., 339 P.2d 539, (1958), wherein *Robinson v. State*, supra, is cited as follows:

" 'Corroboration of a confession . . . need not, independent of the confession, establish the corpus delicti beyond a reasonable doubt, if evidence and confession together are convincing beyond a reasonable doubt of the commission of the crime and defendant's connection therewith.' "

This view was followed, in *Raybourn v. State*, supra, cited with approval, in *Potter v. State*, Okl.Cr., 511 P.2d 1120 (1973). We think this states the better, and more reasonable view:

" '[T]he corpus delicti need not be established beyond a reasonable doubt, but it is sufficient if the evidence thereon be substantial.' "

Once substantial evidence of the corpus delicti be introduced, the confession of the defendant is admissible, provided together they furnish the basis for a finding of the corpus delicti and the guilt of the defendant, both beyond a reasonable doubt.

In order to re-establish the general rule and to provide for more consistency we adopt the general rule followed by a majority of the jurisdictions; and insofar as the beforementioned cases of *Brown v. State, Winter v. State, Billey v. State,* and *Hall v. State*, supra, are in conflict with this decision they are hereby overruled.

We therefore adopt the rule stated in *Opper v. United States*, 348 U.S. 84, 75 S. Ct. 158, 99 L.Ed. 101 (1954), wherein the majority of the United States Supreme Court held:

"[W]e think a better rule to be that the corroborative evidence need not be sufficient, independent of the statements, to establish the *corpus delicti*. It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement. Thus, the independent evidence serves a dual function. It tends to make the admission reliable, thus corroborating it while also establishing independently the other necessary elements of the offense . . ."

In the principle case, the facts before us lack the required indicia of reliability which would enable us to conclude that one of the substantial elements of the corpus delicti, the intent to commit the greater crime, would be indicated, absent the confession. Had the defendant indicated, during the commission of the offense, an intent to kidnap, or perform some overt act from which a reasonable man could interpret an attempt to kidnap, we would rule the confession properly admitted. But the battery herein described, without more,

cannot be interpreted so as to evince an intent to secretly confine the victim.

Therefore, we are constrained to rule that the State failed in its burden of introducing substantial evidence of the corpus delicti of the crime of assault with intent to commit a felony; to-wit kidnap, and for this reason rule the confession improperly admitted.

However, it is our conclusion that a reversal of the case is not required. The facts are here sufficient to show an assault and battery, and therefore we will modify the judgment to assault and battery, and fixed the punishment at the maximum; a fine of One Hundred Dollars ($100.00) and thirty (30) days in the county jail.

As so *MODIFIED*, the judgment and sentence is otherwise *AFFIRMED*.

BUSSEY and BLISS, JJ., concur.