**Howard Russell SMITH, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–76–243.**

Court of Criminal Appeals of Oklahoma.

Oct. 8, 1976.

Dennis L. Pope, Enid, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Toby Mash, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge.

Appellant, Howard Russell Smith, hereinafter referred to as the defendant, was charged, tried and convicted of Murder in the Second Degree, in violation of 21 O.S. Supp.1973, § 701.2, in Case No. CRF–74–38, in the District Court, Tillman County. The defendant was tried by a jury, found guilty, and sentenced to an indeterminate term in the State Penitentiary of not less than ten (10) years nor more than life. From said judgment and sentence, the defendant brings this timely appeal.

On February 16, 1974, at approximately 4:15 a. m., Lewis Harris, the police dispatcher, was contacted by Hazel Thomason and informed that a fire was in progress. He called a patrol car, the fire department, and Mr. Shelton, who lived in the building that was reported to be on fire. The officers in the police car were John Rector and the defendant. Mr. Harris warned Mr. Shelton that the building was on fire and that he should evacuate. Mr. Shelton indicated that he understood the situtation. However, Mr. Shelton did not leave the building in time and was found dead after the fire was extinguished. The defendant stipulated that the victim died as a result of the fire. Dr. Jack Honneker observed the deceased and stated that the cause of death was incineration.

Tony Anthony, Chief of Frederick Fire Department, investigated the cause of the fire. There was no evidence that the fire had been caused by a gas leak or by electrical defects. There was also no evidence that any combustible material was used to start the fire. Fire chief Anthony estimated that the fire had been burning for approximately two hours before he arrived at the scene at 4:15 a. m. However, he acknowledged that it could have been burning longer. Chief Anthony's conclusion was that he could not tell the exact origin of the fire, except that it originated in the upstairs area of the building.

John Rector, a policeman, testified that he was working with the defendant from about 1:00 a. m. until the fire was reported, but he did not know where the defendant was from 10:30 p. m. until 1:00 a. m.

After Mr. Rector testified an in-camera hearing was held in which the State called Glen Jenlink, who was then undersheriff of Alfalfa County. He testified that he gave the defendant the Miranda warning and that the defendant gave a voluntary written statement to him in which defendant admitted that he had entered Sam Dennis' barber shop in Frederick, Oklahoma from the rear, gone up stairs and set an old couch on fire on February 16, 1974. Undersheriff Jenlink stated that he did not coerce the defendant or make promises to the defendant when the defendant gave him the signed confession. Mr. Delmer Koppick, the sheriff of Alfalfa County, was a witness to the confession, and he stated that the defendant was in no way coerced into making the statement about the Frederick fire. After Sheriff Koppick testified, the jury returned to the courtroom and Undersheriff Glen Jenlink was once again called to testify in behalf of the State. The State offered into evidence a

handwritten statement of the defendant, and Undersheriff Jenlink testified that the defendant told him he set the fire at about 12:00 midnight.

The defendant offered no evidence in his behalf.

■ The first and second assignments of error can be examined together, as they both involve the contention that there was a lack of proof of the corpus delicti. In this case the defendant was charged with the crime of murder in the second degree, 21 O.S.Supp.1973, § 701.2, while engaged in the commission of a felony, to-wit: arson in the second degree. The corpus delicti of murder in the second degree consists of two basic elements. The first element is the fact that a death has occurred. This fact was stipulated to by the defendant. The second element is the criminal agency of another responsible for that death. See *State v. Edmondson*, Okl.Cr., 536 P.2d 386 (1975). The criminal agency in this case was the act of arson. The State's burden of proof at the preliminary hearing is to show that an offense has been committed and that there is probable cause to believe defendant committed said offense. The tremendous heat generated by the fire, the extent of the damage and rubble as a product of the fire, and the fact that there were no eyewitnesses to the beginnings of the fire make it virtually impossible for the State to produce direct evidence that the crime of arson was committed. However, this Court has long recognized that the crime of arson is more likely to be proved by circumstantial evidence than direct evidence. See, *Williams v. State*, 21 Okl.Cr. 161, 205 P. 772 (1922), where the evidence of second degree arson was wholly circumstantial and in some parts contradictory but was sufficient to justify conviction.

■ This Court stated in *Raybourn v. State*, Okl.Cr., 339 P.2d 539 (1959), paragraph seven of the Syllabus that:

"The corpus delicti need not be established beyond a reasonable doubt, but it is sufficient if the evidence thereon be substantial."

The court went on to cite *Robinson v. State*, 71 Okl.Cr. 75, 108 P.2d 196 (1940), with approval. *Robinson* stands for the proposition that the corpus delicti need not be established beyond a reasonable doubt independent of the confession. The confession can be considered together with the corroborating evidence if the evidence embraces substantial evidence of the corpus delicti. The court ruled in *Robinson v. State*, supra, paragraph three of the Syllabus, that:

"Corroboration of a confession is not sufficient if it tends merely to support confession without also embracing substantial evidence of the corpus delicti and the whole thereof, but it need not independent of the confession establish the corpus delicti beyond a reasonable doubt, if evidence and confession together are convincing beyond a reasonable doubt of the commission of the crime and defendant's connection therewith."

See, *Oldstein v. United States*, 99 F.2d 305 (1938), in which the Circuit Court of Appeals, 10th circuit, ruled in a case from Oklahoma that:

". . . The proof aliunde need not be strong enough of itself to establish the corpus delicti. It is sufficient if that proof and the confession, taken together, will warrant the jury in finding the defendant's guilt beyond a reasonable doubt."

■■ In the case at bar there is a confession to the crime and corroborating evidence which is substantial. When this evidence and the confession are considered together, the defendant's commission of the crime is established beyond a reasonable doubt. Upon careful examination of the record we find substantial evidence to establish the corpus delicti. See the most recent case of this Court, *Jones v. State*, Okl. Cr., 555 P.2d 63 (1976).

The record reveals that six days before the fire occurred the defendant had entered one of the buildings which was de-

stroyed in the fire by using the back door and going upstairs. Other testimony indicated that on the night of the fire the defendant was alone from approximately 10:30 p. m. until 1:00 a. m. He had the duty to patrol the streets and alleys surrounding the buildings which were burned in the fire. Further testimony revealed that at approximately fifteen minutes before the fire was reported the defendant requested that Officer Rector stop the patrol car in front of the barber shop. In addition to all of this circumstantial evidence, the defendant stated in his written confession, which was given voluntarily, that on the night of the fire he entered Sam Dennis' barber shop from the back door, as he had done earlier in the week, climbed the steps to the second floor, and set fire to some old rags near an old divan above Sam Dennis' barber shop at approximately 12:00 midnight. This is consistent with the fact the fire started on the second floor. It is also evident that the defendant was in the precise location of the fire when the fire was set. He had the opportunity to start the fire since he was alone at the time. In view of the evidence, we find that corpus delicti was established. The assignments of error on this basis are without merit.

■ The defendant argues in his next assignment of error that the confession obtained from the defendant was not voluntarily given and should not have been admitted as evidence. The record does not support this contention. Undersheriff Jenlink testified that he advised the defendant of his Miranda rights before the interrogation was conducted and that the defendant's confession was given voluntarily. In addition, two witnesses were present during the interrogation. The trial court held an evidentiary hearing on the admissibility of the statement and concluded that it was given voluntarily. Further, the defense presented no evidence of coercion in regard to the confession. We find that the trial court acted correctly in admitting the statement.

■ In his final assignment of error the defendant argues that the evidence was insufficient to support a conviction because the act of arson was not proved. However, we have already dealt with that issue in relation to corpus delicti and have found that arson was proved. This Court has consistently held that it will not interfere with a verdict when there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged. See, *Jones v. State*, Okl.Cr., 468 P.2d 805 (1970). Therefore, this assignment of error is without merit.

For the foregoing reasons the judgment and sentence appealed from is, accordingly, *AFFIRMED*.

BUSSEY and BLISS, JJ., concur.