Paul MEDINA, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–11.

Court of Criminal Appeals of Oklahoma.

Nov. 9, 1982.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Crim. Div., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Paul Medina, was convicted of Burglary in the Second Degree, in Comanche County District Court, Case No. CRF–81–139, was sentenced to two (2) years' imprisonment with one (1) year suspended plus payment of court costs, and he appeals, raising two (2) assignments of error.

First, the appellant alleges that the State failed to offer substantial independent evidence of the burglary to corroborate his confession. We do not agree.

Robert C. Pepper testified that on the evening of February 13, 1981, he and his family were out for the evening, and the house was locked. The following morning his wife discovered that two (2) rolls of centennial quarters, six (6) Kennedy half-dollars, which were in collector's plastic containers, twenty Eisenhower dollars, twenty (20) Susan B. Anthony dollars, ten (10) twenty dollar ($20.00) bills, and one $20.00 American Express Travelers Check were taken from a dresser drawer. Further, he stated that most of the items were contained in a cigar box, and he had not given anyone permission to take them.

Officer Larry Mahamed, of the Lawton Police Department, testified that Medina had voluntarily, without coercion, after being fully informed of his rights, confessed to the crime and signed a waiver of rights form and a confession.

The appellant took the stand in his own behalf and told the judge and jury how a companion had entered the Pepper residence through a window and opened the front door for him to enter. Further, he related in great detail how the items, including those in the cigar box, had been taken from the dresser drawer.

In *Jones v. State,* 555 P.2d 63 (Okl.Cr. 1976), we cited *Robinson v. State,* 71 Okl.Cr. 75, 108 P.2d 196 (1940) with approval for the following:

Corroboration of a confession ... need not, independent of the confession, establish the corpus delicti beyond a reasonable doubt, if evidence and confession together are convincing beyond a reasonable doubt of the commission of the crime and defendant's connection therewith.

Further in *Jones,* supra, we adopted the rule stated in *Opper v. United States,* 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954), wherein the majority of the United States Supreme Court held:

[W]e think a better rule to be that the corroborative evidence need not be sufficient, independent of the statements, to establish the corpus delicti. It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement. Thus, the independent evidence serves a dual function. It tends to make the admission reliable, thus, corroborating it while also establishing independently the other necessary elements of the offense

...

■ We find that the testimony of Mr. Pepper provided substantial independent evidence sufficient to meet the burden placed upon the State to corroborate Medina's confession. This assignment of error is wholly without merit.

■ Secondly, the appellant contends that his trial counsel was ineffective. We have reviewed the record before us, and we cannot agree with this contention. Merely pointing out possible errors in counsel's judgments or his failure to object to allegedly incompetent evidence (especially in light of our disposition of the appellant's

prior contention regarding corroboration) does not demonstrate inadequate representation sufficient to meet our standard of reasonably competent assistance of counsel as set forth by us in *Johnson v. State,* 620 P.2d 1311 (Okl.Cr.1980). Furthermore, we note that the fact that Medina exercised his right to testify and took the stand and testified that he was working as a narcotics informer for the police may very well have had its effect upon the jury as he received only a two (2) year sentence. This assignment of error is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.