STATE of Oklahoma, ex rel. William N. PETERSON, District Attorney of Pontotoc County, Appellant,

v.

Thomas Jesse WARD and Karl Allen Fontenot, Appellees.

No. S–85–359.

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1985.

William N. Peterson, Dist. Atty., Chris L. Ross, Asst. Dist. Atty., Pontotoc County, Ada, for appellant.

George W. Butner, Butner & Butner, Wewoka, for appellee Karl Allen Fontenot.

Don L. Wyatt, Wyatt, Austin & Associates, Ada, for appellee Thomas Jesse Ward.

## OPINION

PARKS, Presiding Judge:

The appellees, Thomas Jesse Ward and Karl Allen Fontenot, were brought before a magistrate in the District Court of Pontotoc County, Case No. CRF–84–183, on the charges of Robbery with a Dangerous Weapon, Kidnapping, Rape in the First Degree, and Murder in the First Degree. The magistrate bound the appellees over for trial on the robbery, kidnapping and murder charges, but dismissed the charge of rape. On dismissal of the rape charge, the State appealed to the District Court, which affirmed the ruling of the magistrate. *See* Rules 6.1, 6.2, *Rules of the Court of Criminal Appeals,* 22 O.S.1981, ch. 18, app. The State has now perfected a timely appeal to this Court pursuant to Rule 6.6, *supra.*

The State presented evidence at the preliminary hearing which revealed the appellees were seen entering McAnally's convenience store in Ada, Oklahoma, on April 28, 1984, at approximately 8:50 p.m. State's witnesses testified they saw Ward leave the store with Donna Denise Haraway, an employee at the store. He had his arm around Ms. Haraway's waist, according to witnesses. When they entered the store, the witnesses discovered the cash register open and empty, a cigarette burning in an ash tray behind the counter, and Ms. Haraway's school books open on a table behind the counter. The witnesses further testified that they saw Ward and Ms. Haraway enter a Chevy pick-up truck which had gray primer paint as its finish. Other witnesses testified they saw Ward and Fontenot at J.P.'s convenience store earlier that same evening. Both men left in a pick-up truck painted with gray primer.

In a video-taped confession, Ward told officers that he, Fontenot, and a third individual entered the store, robbed the cash register, and abducted Ms. Haraway. The trio went to a field, where they raped and slashed Ms. Haraway with a knife until she died. They then dressed the body and threw it into a gulley near a cement bunker, according to Ward's statement.

Fontenot's video taped confession is similar to Ward's. However, Fontenot is alleged to have said that he and his companions placed the body in the floor of an old shack, doused it and the shack with gasoline, and set the building on fire.

The State's evidence suggested that only two individuals were involved in the aforementioned acts. Ms. Haraway's body has never been recovered. Although evidence of a burnt building was discovered in the

area described by Fontenot, no human remains were detected.

Evidence also was produced that Ms. Haraway was a student at East Central State University and was only a few weeks from graduation. She was also employed as a student-teacher, and enjoyed her work. Testimony also was presented describing Ms. Haraway as a very prompt person, one who would call in if she was tardy or ill. It was stipulated that Ms. Haraway and her husband were looking forward to a camping trip planned for the coming weekend.

At the close of preliminary hearing, the magistrate dismissed the rape charge, finding that the appellees' confessions were uncorroborated by sufficient, independent proof of the *corpus delicti*. The State asserted in argument to the magistrate, the District Court, and, now, before this Court, that the magistrate's ruling was erroneous as a matter of law. We agree.

 It is a fundamental rule of law in this jurisdiction, and most others, that "no criminal conviction can be based upon a defendant's extrajudicial confession or admission, although otherwise admissible, unless there is other evidence tending to establish the *corpus delicti*." R. Perkins & R. Boyce, *Criminal Law*, 142 (1982). *See Robinson v. State*, 71 Okl.Cr. 75, 108 P.2d 196, 199 (1940). We have defined *corpus delicti* "as the substantial and fundamental fact or facts necessary to the commission of a crime, and means when applied to any particular offense, the actual commission by some one of particular offense charged (sic)." *Id.* The corroborating proof of *corpus delicti* "need not, independent of the confession, establish the *corpus delicti* beyond a reasonable doubt, if evidence and confession together are convincing beyond a reasonable doubt of the commission of the crime and defendant's connection therewith." *Id.* "[T]he *corpus delicti* need not be established beyond a reasonable doubt,

but it is sufficient if the evidence thereon be substantial." *Jones v. State*, 555 P.2d 63, 68 (Okl.Cr.1976).[1]

 The above rules, however, have only been applied regarding the quantum of proof necessary for a *conviction*. It is well established in Oklahoma that the State, at preliminary hearing, is not required to present evidence sufficient to convict; it is presumed that the State will strengthen its case at trial. *Shriver v. State*, 632 P.2d 420 (Okl.Cr.1980). The State only has the burden at preliminary hearing to show that an offense has been committed, and probable cause to believe the defendant committed the offense. *Baker v. State*, 593 P.2d 100 (Okl.Cr.1978). We have further held that the State is not required to corroborate an accomplice's testimony at preliminary hearing by other, independent evidence, although such corroboration would be necessary at trial.[2] *Bennett v. State*, 570 P.2d 345 (Okl.Cr. 1977).

 In light of the foregoing principles and, in particular, our application by analogy of *Bennett v. State, supra*, we hold today that corroboration of a confession by independent evidence of the *corpus delicti* is not required in order for the State to prevail at preliminary hearing. This decision, of course, does not extend to trial on the merits, but is limited only to the preliminary hearing. Furthermore, immediately prior to the start of this trial, the trial court should conduct an *in-camera* hearing to determine if the State has any evidence tending to establish the *corpus delicti*. In the event the State cannot strengthen its case on this count, a demurrer should be sustained and all references to the alleged rape should be deleted from the appellees' confessions, if otherwise admissible, in order to avoid improper prejudice to the appellees.

---

1. The rule regarding homicide is different, however, and requires that the *corpus delicti* of the homicide be established independent of the confession or statement by the defendant, beyond a reasonable doubt. 21 O.S.1981, § 693.

2. *See* 22 O.S.1981, § 742.

Accordingly, the decision of the District Court is REVERSED, and that court is directed to order appellees bound over for trial on the charge of Rape in the First Degree.

BRETT and BUSSEY, JJ., concur.